HALL, Judge.
On the application of Segers & Associates, Inc., this court granted a writ of cer-tiorari directed to the Judges of the Sixth Judicial District Court for Tensas Parish to review the validity of three ex parte orders signed by the Judge of Division “B” in the course of forfeiture proceedings brought by the district attorney under LSA-R.S. 40:989. All proceedings in the cause were stayed pending judgment by this court on the writ.
On May 28, 1976, the district attorney for Tensas Parish filed a petition for forfeiture of an airplane pursuant to the provisions of LSA-R.S. 40:989, alleging that the airplane was used to illegally transport, or facilitate the transportation, possession or concealment of marijuana, a substance characterized as a controlled dangerous substance, possession of which is prohibited by LSA-R.S. 40:961, et seq. The petition, supported by affidavit of an assistant district attorney, alleged on information and belief that the owner of the aircraft is Segers and Associates, Incorporated, a corporation located in Houston, Texas, with no registered agent for service of process in either Louisiana or Texas. Pursuant to the prayer of the petition and in accordance with LSA-R.S. 40:989 H., an attorney at law was appointed by the court to represent the absent owner, and the defendant corporation through the appointed attorney was ordered to show cause on June 8, 1976, why the relief prayed for should not be granted.
Responsive pleadings were filed by the court appointed attorney. Another attorney appeared and was enrolled as attorney for Segers and Associates, Inc. The corporation, through its enrolled counsel, filed a motion to suppress evidence.
After several continuances, the case came on for hearing on June 29, before the Judge of Division “A.” Segers and Associates, Inc., through enrolled counsel, filed a peremptory exception of no cause of action and an answer. After oral argument, at the suggestion of the assistant district attorney, the Judge granted plaintiff ten days to amend the petition. The court did not otherwise rule on the peremptory exception. Upon the request of the appointed attorney, the court ordered him dismissed as attorney *236 for the absent or unknown owner. The case was reset for hearing on July 27.
On July 5, three ex parte motions and orders were presented to the court by plaintiff and were signed by the Judge of Division “B.” It is with these three orders that applicant, Segers and Associates, Inc., takes issue.
The plaintiff filed motions (1) to dismiss the peremptory exception of no cause of action filed by Segers and Associates, Inc. (2) to dismiss the answer filed by Segers and Associates, Inc., and (3) to set aside the order dismissing the appointed attorney and to reinstate his representation of the owner of the aircraft. The motions allege as grounds therefor that the entity purporting to be Segers and Associates, Inc., a Texas corporation, is not in fact a valid corporation under the laws of Texas. The court ordered that (1) the peremptory exception be dismissed, with prejudice, (2) the answer be dismissed, with prejudice, and (3) the order dismissing the appointed attorney be set aside and that the attorney represent the absent owner in these proceedings.
The district court erred in dismissing by ex parte motion and order the peremptory exception and answer filed by Segers and Associates, Inc., through its enrolled counsel. The original petition, supported by affidavit of the assistant district attorney, alleged on information and belief that Segers and Associates, Inc., a Texas corporation, is the owner of the aircraft. Responsive pleadings were filed by Segers and Associates, Inc. through employed counsel. The actual existence of such a corporate entity, its ownership of the aircraft, and the validity of the defenses raised by the responsive pleadings are all matters to be determined in contradictory proceedings. There is no authority in procedural law for the dismissal of the responsive pleadings by ex parte motion and order on the mere suggestion by the plaintiff that the purported defendant and alleged owner is not, in fact, the legal entity it purports to be. To the contrary, LSA — R.S. 40:989 and the Code of Civil Procedure contemplate and require a contradictory hearing of such matters.
LSA-C.C.P. Art. 963 provides:
“If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
“If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
“The rule to show cause is a contradictory motion.”
The orders applied for by the written motions in this case are not ones to which the mover is clearly entitled, either as a matter of procedural or substantive law. If the issues which the plaintiff seeks to raise can be raised by motion, which we do not pass on, the relief sought certainly would require supporting proof. See State v. Camp, 326 So.2d 644 (La.App.2d Cir. 1976) and State ex rel. Stevens v. Babineaux, 196 So.2d 668 (La.App.3d Cir. 1967).
The ex parte orders of the district court dismissing the peremptory exception and answer with prejudice must be set aside.
We find no error in the ex parte order setting aside the discharge of the court appointed attorney for absent and unknown defendants and reinstating him to that position. Appointment of an attorney to represent nonresidents or absentees is necessarily and properly accomplished by ex parte order. There is no legal reason why reappointment of such an attorney should not be accomplished by the same procedure. Until Segers and Associates, Inc. establishes its existence as a legal entity and its ownership of the aircraft, it is appropriate and in accordance with LSA-R.S. 40:989 that the proceedings be conducted contradictorily with an attorney appointed by the court to represent any other absent and unknown claimants to ownership of the aircraft, as well as with the claimant who has appeared *237 and answered. The court appointed attorney’s position in the proceedings does not interfere with or preclude independent and private representation of Segers and Associates, Inc. by its retained, enrolled counsel.
For the reasons assigned, the writ of cer-tiorari issued herein is made peremptory and it is ordered that the orders of the district court signed July 5,1976, dismissing the peremptory exception of no cause of action and the answer filed by Segers and Associates, Inc. be set aside. It is further ordered that this cause be remanded to the Sixth Judicial District Court for further proceedings in accordance with law and consistent with the opinion of this court.