ALFORD, Judge.
This matter comes before the Court on appellee’s motion to dismiss the lodged appeal of appellant, insofar as it relates to the divorce decree, on the basis that appellant acquiesced in that portion of the judgment of the trial court. Although appellee urges the acquiescence of appellant, the basis of the motion is more properly termed confession of judgment.
Appellee, James Sidney Conner, Jr., filed suit against his wife, Kaylynn Kern Conner, appellant herein, for a divorce on the ground of living separate and apart for one year under La.R.S. 9:301. Appellant answered the suit, admitting all factual allegations and requesting alimony in the form of a continuance of a previously issued support decree in a separate suit.
During on-the-record discussion immediately prior to trial on the merits, counsel for appellant stated, “There is no contest about the divorce, your Honor. It is a divorce grounded on either one or two years living separate and apart, and they have been separated that long.” At the close of trial, the trial judge rendered a judgment of divorce based upon mutual fault and further found appellant not to be free from fault for alimony purposes. The signed judgment reflects these findings also.
Appellant obtained an order of appeal returnable to this court on February 15, 1982. (The year is apparently in error and should be 1983). On April 19,1983, appellee filed the instant motion to dismiss. Appellant responded with a “Peremptory Exception” to the motion, considered herein as an opposition.
Appellee contends that the appeal should be dismissed insofar as it relates to the divorce because appellant confessed to a judgment thereto. Appellant counters that the motion to dismiss was untimely and that, in any event, one may not confess to a divorce judgment.
Appellee filed suit for divorce based upon living separate and apart for one year. It was with reference to the factual allegations of that basis that appellant entered admissions by answer and appellant’s coun *592 sel stated that there was no contest. However, the judgment of divorce appealed herein is based upon a finding of mutual fault, not upon the basis of living separate and apart for one year. Appellee does not argue that there is any evidence of a confession of judgment relative to a divorce based upon mutual fault. Therefore, appel-lee’s motion to dismiss lacks merit.
MOTION DENIED.