EDWARDS, Judge.
On April 6, 1981, James Sidney Conner, Jr., filed suit against his wife, Kaylynn Kern Conner, seeking a divorce on the ground of having lived separate and apart for greater than one year. Mrs. Conner, having previously filed suit for a separation and having previously been awarded alimony pendente lite, sought to prove herself free from fault and be awarded alimony on a permanent basis. The trial court ordered the previous suit consolidated with the present action and the entire prior record was admitted into evidence.
Following trial, the court signed a judgment both awarding Mr. Conner a divorce based on living separate and apart for greater than one year and declaring the parties to be mutually at fault.
Appellant, Kaylynn Kern Conner, appeals only that part of the judgment finding the spouses to be mutually at fault. We affirm.
LSA-C.C. Art. 141 provides:
“A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation. In such instances, alimony penden-te lite may be allowed but permanent alimony shall not be allowed thereafter following divorce.”
In Adams v. Adams, 389 So.2d 381 (La.1980), the Louisiana Supreme Court held that “fault” as used in Art. 141 meant fault such as would entitle either party to a separation from bed and board.
The testimony and evidence on which the trial court based his judgment in the present case consisted almost entirely of conflicting versions of fact as related by Mr. and Mrs. Conner.
Mr. Conner testified to constant arguments and bickering. He stated that he and his wife would not sleep together for days at a time because his wife was on the sofa or with her son by a former husband. He testified that Mrs. Conner got progressively more irritable at visits by his two daughters from a previous marriage and that on many occasions she told him to get out, which ultimately proved unbearable. He denied remaining away from home for days at a time, for repeatedly getting drunk or for driving while intoxicated. He stated that he believed the main reason the marriage had failed was because Mrs. Conner tended to get hysterical and to be unable to cope with day to day events but admitted the divorce was as much his fault as Mrs. Conner’s.
Mrs. Conner testified that her husband left for three days at a time, that he came home drunk, that he was loud and abusive to her and her son, that at late hours he brought people and relatives home unasked and drunk, that he promised to reform but never did, and that he left the family domicile only to return his key and state that she would hear from his attorney.
In the area of domestic relations, much discretion must be vested in the trial judge and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. Having observed their demean- or, the trial judge is in a better position to rule on their credibility. Pearce v. Pearce, 348 So.2d 75 (La.1977); Kean v. Kean, 388 So.2d 398 (La.App. 1st Cir.1980). The instant case is no exception. Having viewed the witnesses’ demeanor and having heard their greatly conflicting testimony, the trial court weighed the evidence and found there to be mutual fault such as would deprive either spouse of permanent alimony. Based on a careful review of the entire record, we cannot say that the trial judge was clearly wrong.
*12 Counsel for appellant has urged that because Mr. Conner has not appealed the trial court judgment, we should conclude that he admits to fault in the form of abandonment for leaving the matrimonial domicile. Further, Mr. Conner having admitted to abandonment, we should then conclude that since abandonment necessarily means, among other things, leaving the matrimonial domicile without just cause, Mrs. Conner should logically be found not to have committed fault such as would preclude her from receiving an award of permanent alimony. We do not agree with this argument because 1) Mr. Conner has only chosen not to appeal a finding of mutual fault and not a finding of individual but separable faults and 2) regardless of admitting fault by failure to appeal, such would not, absent a judicial finding, constitute a conclusive determination that any abandonment had, in fact, occurred.
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are to be paid by appellant, Kaylynn Kern Conner.
AFFIRMED.