481 So.2d 639 (1985)
Kaylynn K. CONNER
v.
James S. CONNER.
Nos. 84 CA 1037, 84 CA 1038.
Court of Appeal of Louisiana, First Circuit.
December 26, 1985.
Floyd J. Reed, New Orleans, for plaintiff, appellant.
Gerald J. Martinez, Metairie, for defendant, appellee.
Before COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Kaylynn K. Conner (plaintiff) appeals from identical default judgments in two consolidated cases which declared certain property to be the separate property of her former husband James S. Conner (defendant) and declared invalid an authentic act which had purportedly been executed by *640 the parties and re-established the community between them.
Plaintiff argues that the trial court erred in permitting an improper enlargement of the pleadings by invalidating said authentic act when such relief was neither alleged nor sought; by proceeding by summary rather than ordinary process; and violating plaintiff's fundamental due process rights by permitting enlargement of the issues involving property rights without prior notice and an opportunity to be heard.
FACTS
Plaintiff filed the first petition for separation on September 25, 1978. The parties reconciled and executed an authentic act re-establishing the community as of September 25, 1978, which act was recorded on December 10, 1982. Plaintiff filed a second petition for separation on November 26, 1979, and defendant filed a petition for divorce on April 6, 1981, on the ground of living separate and apart for one year under LSA-R.S. 9:301. The trial judge rendered judgment on the basis of mutual fault on the consolidated cases and signed the divorce judgment on November 29, 1982.
Plaintiff, who had requested alimony, appealed only that part of the judgment finding mutual fault. Defendant filed a motion to dismiss the appeal on the basis that plaintiff acquiesced to or confessed the divorce judgment. This court dismissed defendant's motion and held that plaintiff's appeal of the divorce judgment was based upon her disagreement with the mutual fault finding, which precluded permanent alimony, and that she had not contested in trial court a divorce based on living separate and apart. In a separate opinion we affirmed the trial court's finding of mutual fault. Conner v. Conner, 449 So.2d 10 (La.App. 1st Cir.1984); writ denied, 452 So.2d 171 (La.1984); Conner v. Conner, 436 So.2d 591 (La.App. 1st Cir.1983).
Defendant filed a rule to show cause on January 23, 1984, seeking to have one specifically described piece of separate property released from a restraining order dated September 27, 1978, and two preliminary injunctions dated November 20, 1978, and January 26, 1979, recorded in the mortgage and conveyance records of St. Tammany Parish. Defendant's pleadings sought cancellation of the orders "only insofar as they may operate against the property hereinabove described and no further; ... the said orders to remain in full force and effect as to the remaining properties owned by the parties in community." Defendant's rule contained four similar references limiting the issue to the specifically described property purchased by defendant December 20, 1983.
Defendant relies on Paragraph IV of his rule to show that plaintiff had adequate notice that the agreement re-establishing the community would be used as evidence. Paragraph IV says:
Upon further suggesting to the Court that mover desires to have defendant in rule, KAYLYNN KATHLEEN KERN CONNER, show cause on a date and time to be fixed by this Honorable Court why the said orders should not be released only insofar as they may operate against the separate property of mover, JAMES SIDNEY CONNER, JR.
The trial court judgment said, in pertinent part:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein [in] favor of plaintiff in rule, JAMES SIDNEY CONNER, JR., and against the defendant in rule, KAYLYNN KATHLEEN KERN CONNER, decreeing the property described in Paragraph 2 of this judgment to be the separate property of plaintiff in rule, JAMES SIDNEY CONNER, JR., on the grounds that the judgment of separation read, rendered and filed in matter number 53,416 on January 26, 1979, terminated the community between the parties hereto and the re-establishment of community purportedly [executed] by the parties on April 30, 1979, and recorded on December 10, 1982 *641 in COB 1081, folio 255, is invalid inasmuch as it is not a properly executed authentic act; ...
LEGAL ISSUES
Plaintiff alleges that since defendant's rule only sought to cancel the inscriptions on the specifically described property, she elected not to appear in court but to allow the matter to proceed by default.
If defendant pleads either fraud or mistake, he must allege the facts with particularity. LSA-C.C.P. art. 856. And where the order applied for by written motion is one which requires supporting proof, the motion must be served on and tried contradictorily with the adverse party. The rule to show cause is a contradictory motion. LSA-C.C.P. art. 963. The trial court cannot simply adjudicate a matter not regularly before it or exceed its authority. Pardue v. Livingston Parish School Board, 276 So.2d 901, 904 (La.App. 1st Cir.1973). See also Succession of R.R. Miller, 432 So.2d 1043, 1046 (La.App. 1st Circuit 1983); State, Sheriff of Tensas Parish v. One Lockheed Lodestar L18, Twin Engine Airplane Bearing Federal Aviation Administration Registration N75SA, 337 So.2d 234, 236 (La.App. 2nd Cir.1976).
Here, the defendant only sought relief as to one specific piece of property purchased by him in 1983 after the divorce judgment was rendered. We find that plaintiff could not have been placed on notice that discussion of the larger question of community versus separate property would arise or that the issue of fraud or ill practices and thus nullity of an authentic act valid on its face would be considered.
For the reasons mentioned, we reverse the trial court's judgment and remand for further proceedings consistent with this decision. Costs of this appeal are taxed to defendant.
REVERSED AND REMANDED.