ON REHEARING
STEWART, Judge,
On Rehearing.
This matter is before the court on application for rehearing filed by appellees, Goodyear Tire & Rubber Company and The Travelers Insurance Company. The Louisiana Supreme Court reversed the court’s finding of medical causation and remanded for rehearing en banc on the issue of quantum. This court subsequently awarded appellant, Vicki Maranto, $150,000 in general damages, $450,000 in loss of past earnings and future earning capacity, $25,000 for loss of household services, and $35,000 to appellant, Robert Maranto, for loss of consortium.
In the application for rehearing, appellees request that we reduce the damage awards. For reasons cited in our original opinion, we find that the awards for general damages, loss of household services, and loss of consortium are equitable and adequate to compensate the Marantos for their losses. However, upon revisiting the $450,000 award for loss of past earnings and future earning capacity, and for the following reasons, we conclude that the award is excessive.
The court finds two reasons why Maranto’s award should be reduced. First, in our initial review of Maranto’s circumstances, we did not take her ability to perform light duty work into proper consideration. A plaintiff who seeks to recover for loss of earning capacity must prove the extent of her injuries resulting from the accident. She also has the burden of proving that the injuries she sustained have incapacitated her from, in the future, doing work of a reasonable character, that is, work for which she was fitted by training and experience, of the same or similar kind in which she was engaged at the time of the accident. Green v. Industrial Helicopters, Inc., 560 So.2d 684 (La.App. 3d Cir.1990); Viator v. Gilbert, 253 La. 81, 216 So.2d 821 (La.1968).
While Maranto’s injury prevents her from performing certain work-related tasks she previously undertook, she is capable of doing light-duty nursing and non-nursing jobs alike. The testimony of Dr. Richard Galloway indicates that Maranto is suited for administrative nursing activities and the mandatory case reviews required by insurance regulations. Maranto’s own vocational rehabilitation expert, Dr. James Cook, also stated that Maranto would be able to work at a light-duty job. We cannot ignore this evidence, indicative of Maranto’s ability to work, when assessing the degree to which her opportunities for future income and future earning capacity have been stymied.
The second reason for reducing Maranto’s award for loss of future earnings and earning capacity is Maranto’s failure to mitigate her damages. An injured plaintiff has a duty to take reasonable steps to mitigate damages, including attempts to find suitable employment if she is employable. DeRouen v. Audirsch, 25,847, (La.App. 2d Cir. 6/28/94), 639 So.2d 476; Burke v. Safeway Stores, Inc., 554 So.2d 184 (La.App. 2d Cir.1989).
We have established that Maranto is, in fact, employable. The evidence shows, however, that she has not tried to find work. Conversely, she is actively involved in personal and charitable projects. She therefore displays the ability to lead an active lifestyle, although perhaps without the desire to include work as one of those activities. This failure to mitigate damages requires that we reduce the award accordingly.
We reiterate our statements made in the original opinion that “[a]wards for loss of future income are inherently speculative and are intrinsically insusceptible of being calculated with mathematical certainty. Thus, the court must exercise sound judicial discretion in determining these awards and render awards which are consistent with the record and which do no work an injustice on either party.” Andrus v. State Farm Mut. Auto. Ins. Co., 94-161 (La.App. 3d Cir. 12/28/94), 650 So.2d 275, quoting Smith v. Porche Bros. Lumber and Supply, Inc., 491 So.2d 412 (La.App. 1st Cir.1986).
Considering that any award given to Mar-anto must be discounted by her ability to *510 perform light duty work and her failure to mitigate damages, and in light of testimony presented by economic experts and discussed in our original opinion, we find that the award for loss of earnings and future earning capacity should be reduced from $450,000 to $300,000. The original judgment of the court shall remain the same in all other respects.
AMENDED AND RENDERED AS AMENDED.
SEXTON, LINDSAY and HIGHTOWER, JJ., concur.
MARVIN, C.J., and WILLIAMS and NORRIS, JJ., dissent to grant of rehearing.
BROWN, J., dissents with reasons.