## ALBRITTON v. NAUL et al.

### No. 1062.

Court of Appeal of Louisiana. First Circuit.
Jan. 24, 1933.

Kemp & Buck, of Amite, and Dudley L. Weber, of Baton Rouge, for appellants.

Smith, Albritton & Hardin, of Baton Rouge, for appellee.

ELLIOTT, J.

Alvin R. Albritton brought suit in the form of an action of trespass against I. N. Naul, Everett Naul, D. W. Miscar, and Natalbany Lumber Company, Limited, claiming of them in solido the sum of $1,875 as damages, with interest on account of timber cut and removed from "fractional section 12 T. 4 S. R. 3 E. Greensburg Land District of Louisiana containing 38 & 84/100 acres."

The plaintiff deraigns title to the land with the timber thereon from Henry F. Reymond, who acquired same at a tax sale made by the tax collector of the parish of East Baton Rouge under an assessment of the same to M. C. Aldrich, Jr., for the year 1911, said tax title bearing date May 11, 1912, and said Aldrich acquired by purchase from the state, by patent dated August 13, 1902.

D. W. Miscar for answer denies plaintiff's alleged ownership and various other matters alleged in his petition. He then alleges that he bought the timber on the land from Everett Naul and sold same to the Natalbany Lumber Company, Limited. He alleges that the timber belonged to Everett Naul, his vendor, the owner of the land; that the timber and land from which it was cut is located partly in the parish of East Baton Rouge and partly in the parish of East Feliciana, the major part of it being in the parish of East Feliciana and not more than 5 or 7 acres in the parish of East Baton Rouge; that the tax title set up by the plaintiff as having been made to H. F. Reymond is an absolute nullity on said account.

Everett Naul for answer denies the alleged ownership of the plaintiff.

He alleges that he acquired the land with the timber thereon from I. N. Naul and sold the timber to Miscar. He also alleges that said land and timber thereon were located partly in the parish of East Baton Rouge and partly in the parish of East Feliciana, that the major part is located in the parish of East Feliciana, and that the tax title set up by the plaintiff under Reymond is an absolute nullity on said account.

I. N. Naul for answer denies the alleged ownership of the plaintiff. He alleges that he acquired the land by title from M. C. Aldrich, Jr., and sold same to Everett Naul; that the land is located partly in the parish of East Baton Rouge and partly in the parish of East Feliciana; that the major part is situated in the parish of East Feliciana and from 5 to 7 acres in the parish of East Baton Rouge; and that the tax title which the plaintiff sets up under Reymond is an absolute nullity on said account.

Natalbany Lumber Company, Limited, denies plaintiff's alleged ownership. It alleges that it purchased certain logs, cut from said land by D. W. Miscar, and that Miscar acquired same as alleged by him. This defendant attacks the tax title which the plaintiff sets up under Reymond, alleges that the tract of land in question is situated partly in the parish of East Baton Rouge and partly in the parish of East Feliciana, the major part in the parish of East Feliciana, and that only from 5 to 7 acres are situated in the parish of East Baton Rouge.

There was judgment in favor of the plaintiff and against all the defendants in solido for $1,750.92, with legal interest from judicial demand. Natalbany Lumber Company, Limited, and D. W. Miscar have appealed. The other defendants have not appealed.

On the trial of the case, the patent annexed to and made part of plaintiff's petition was offered in evidence. It states that the land is situated in the parish of East Baton Rouge. The defendant Miscar on the other hand testified that about 7 acres of the section were situated in the parish of East Baton Rouge, and that the balance, about 31 acres, was situated in the parish of East Feliciana.

The testimony of Miscar received some support from that of Mr. Spraker, agent of the Natalbany Lumber Company, Limited, and some further support from that of the plaintiff himself, but the plaintiff, in testifying from what was said to be the official map of East Baton Rouge, declined to admit that the map was correct, but substantially admitted that according to the map the greater part of the section was situated in the parish of East Feliciana. He declined to admit that any part of the section was in fact situated in the parish of East Feliciana, taking the position that the declaration in the patent on that subject was correct, and that he bought the land believing it to be in the parish of East Baton Rouge.

The record contains an ex parte diagram made by L. Q. Huey, civil engineer and surveyor of the parish of East Baton Rouge. According to this diagram and statement of Mr. Huey written at the bottom of it, 7.12 acres of the section are situated in the parish of East Baton Rouge and 31.72 acres in the parish of East Feliciana.

Defendants Natalbany Lumber Company, Limited, and D. W. Miscar urge the location of the section to the extent stated in the parish of East Feliciana as a reason why the tax title set up by the plaintiff under H. F. Reymond is an absolute nullity.

The defense is based on that ground. Mr.

Huey, however, was not called as a witness in support of the diagram and statement made thereon. Not only that, but the diagram bears no filing mark, and the note of testimony in the record does not show that it was offered in evidence. It purports to be an extract from the official maps of the parishes of East Baton Rouge and East Feliciana, contained in the office of the clerk of court and ex officio recorder of each of the said parishes, and as such, to show the territorial limits of each parish in so far as concerns said section, but it is not certified to as being correct by the clerks of court and ex officio recorders of the said parishes, the legal custodians of said maps deposited in their said offices. If the record contained an agreement of the parties that the diagram and statement thereon were correct, the situation would be different, but there is no agreement of that kind.

To the extent that the location of said section, as regards the limits of the two parishes, may be important, definite evidence should be in the record on which we can act with safety. In making this statement, we are not to be understood as intimating that plaintiff's right to recover depends on the location of the section as regards the limits of the two parishes. But, should we desire to look into the question, there is nothing in the record showing us how much of the timber in question, and on account of which damages are claimed, was cut from the parish of East Baton Rouge nor how much from the parish of East Feliciana.

Natalbany Lumber Company, Limited, offered in evidence "the official map showing the location of the land." But the offering does not state which map, and neither map, to the extent that the location of the section in question may be seen as it appears thereon, is contained in the record. We are therefore unable to satisfactorily determine the issue, and have concluded on that account to remand the case to the lower court in order that definite and positive evidence may be offered on the subject. But, while the record is under consideration, we will dispose of the exceptions of no right or cause of action filed in the lower court by the appellants; appellant basing their argument on the theory that we can take official cognizance of the maps and records showing the location of the section in question with reference to the limits of the respective parishes and can see by referring thereto how much of the section in question is situated in the parish of East Baton Rouge and how much in the parish of East Feliciana. We would like to be informed as to the location of the section, with reference to the line dividing the two parishes as it is located on the ground by some civil engineer and surveyor appointed by the lower court, called as a witness in the case,

should we conclude that such a showing must be entered into in the decision of the merits of the case. We also wish to know when the line was established, if such has been done and how evidenced on the ground. There is nothing of which we can take official cognizance that will supply the information wanted. The exceptions are therefore referred to the merits.

For the reason stated, the judgment appealed from is annulled, avoided, and set aside, and the case is now remanded to the lower court and reopened for further and more definite evidence as to the location of the section in question, as regards the parish line which divides the parishes of East Baton Rouge and East Feliciana and if such a line exists, when it was established, and how evidenced on the ground.

And, if it be found that the section is situated partly in the parish of East Baton Rouge and partly in the parish of East Feliciana, then how much of the timber sold by Miscar to Natalbany Lumber Company, Limited, was cut from each parish and the value of the same. When the record has been completed, the case is to be again submitted to the judgment of the lower court, with the right of each party to appeal, as the law provides.

The court is to abide the final issue of the case.