On July 30, 1932, a judgment was signed in the above case in favor of the plaintiff and against the defendants, I.N. Nauls, Everett Nauls, D.W. Miscar and the Natalbany Lumber Company, Ltd., in solido, for the sum of $1,750.92, with legal interest thereon from judicial demand until paid. The judgment was for damages for timber cut from certain lands which plaintiff claimed to own. All four defendants obtained an order of appeal from the judgment, but only two of the defendants, Miscar and the Natalbany Lumber Company, perfected their appeals, and as to the other two defendants the judgment became final.
On the appeal to this court, the question involved centered around the location of the lands from which the timber was cut, the appellants contending that only five or seven acres of the land was in East Baton Rouge Parish; that for that reason, the tax title through which plaintiff claimed the land and timber was invalid as to the land, most of which was located in the Parish of East Feliciana. This court, through the late Judge Clay Elliott as the organ, rendered the following decree on January 24, 1933 (See La.App., 145 So. 405, 407):
"For the reason stated, the judgment appealed from is annulled, avoided, and set aside, and the case is now remanded to the lower court and reopened for further and more definite evidence as to the location of the section in question, as regards the parish line which divides the parishes of East Baton Rouge and East Feliciana and if such a line exists, when it was established, and how evidenced on the ground.
"And, if it be found that the section is situated partly in the parish of East Baton Rouge and partly in the parish of East Feliciana, then how much of the timber sold by Miscar to Natalbany Lumber Company, Limited, was cut from each parish and the value of the same. When the record has been completed, the case is to be again submitted to the judgment of the lower court, with the right of each party to appeal, as the law provides.
"The court is to abide the final issue of the case."
A rehearing was refused on March 7, 1933, and the judgment of this court became final.
Nothing further was done in the suit until 1937, when the Natalbany Lumber Company, Ltd., as a compromise, paid the sum of $500, whereupon plaintiff released this company but reserved all of his rights against the other defendants. In September, 1941, the plaintiff filed a supplemental petition in the suit, alleging that he had caused a writ of fieri facias to issue against Everett Nauls for the amount of the judgment, less the amount paid by the Lumber Company. The plaintiff made the Standard Oil Company a garnishee and asked that it be cited as such and be required to answer *Page 128 
the interrogatories propounded to it. The garnishee answered that it was due the defendant Everett Nauls a certain amount for wages, and that said Nauls was employed by it and received wages in the sum of $101.60 every two weeks.
Nauls filed a rule against the plaintiff to show cause why the writ of execution and the garnishment should not be set aside for the reason that the judgment on which the writ and garnishment process issued had been annulled and set aside by the Court of Appeal in accordance with the decree above quoted; that no further proceeding had been taken by the plaintiff in the prosecution of the suit to a final judgment since the judgment rendered by the Court of Appeal, and for that reason the suit has abated. An exception of no cause or right of action was also filed by Nauls.
On July 9, 1942, the trial judge rendered two separate judgments in the matter, one overruling the exception of no cause or right of action and the motion to dismiss for failure to prosecute the suit for five years, and the other judgment maintained the garnishment against the Standard Oil Company and ordered that company to deduct from the salary and wages of Everett Nauls subsequent to the service of the garnishment process 20 per cent of the salary earned and payable from time to time to said Nauls, subject to the statutory exemption of $60 per month, until the balance due on the judgment is paid in full.
On January 18, 1943, Everett Nauls filed a petition and obtained an order for a devolutive appeal to this court from the judgment signed by the district court overruling his rule and exceptions. The plaintiff has filed a motion in this court to dismiss the appeal for the reason that the judgment which overruled the motion to dismiss the suit and the judgment which overruled the exception of no cause or right of action are not final judgments and are not appealable.
 Motion to Dismiss
The motion to dismiss the appeal is not well founded. While there is no appeal from a judgment which overrules an exception of no cause or right of action, the judgment which overruled the motion filed by Nauls to set aside the writ of execution and garnishment process taken thereunder and which judgment ordered the nonexempt part of his wages applied to the payment of the judgment is such a judgment as will cause this appellant an irreparable injury, and under Article 566 of the Code of Practice, is appealable. The motion to dismiss the appeal is therefore overruled.
 Merits
The judgment rendered against Everett Nauls and the other three defendants in July, 1933, became final as to this defendant when he failed to perfect his appeal within the time prescribed by law. The judgment against this defendant after it became final was the property of the plaintiff. Code Prac. 548. After a judgment is rendered it cannot be set aside, except in the manner provided by law, that is by a new trial, an appeal, an action of nullity or an action of rescission. Code Prac. 556. This defendant has not availed himself of any of these methods to set aside the judgment.
It is too well settled to require citation of authority that a judgment cannot be set aside or changed on appeal except as to those who are parties to the appeal. The action of this court in reversing and setting aside the judgment and remanding the case could only have effect as to the parties to the appeal, i.e., the two defendants who perfected and prosecuted their appeal and the plaintiff who was appellee in the appeal.
The judgment, as to the present appellant, Nauls, remained in force and effect for ten years from the date of its rendition. As to this defendant, there was nothing for plaintiff to do in order to keep the judgment alive for ten years from its date, and the fact that plaintiff may or may not have taken any steps in the case for a period of five years or more could not affect the binding force and effect of the judgment so long as the judgment was not prescribed.
As the execution and garnishment process against Everett Nauls issued on a valid judgment, and as no illegality has been shown in the garnishment process, the judgment which maintained the writ of execution and the garnishment process thereunder is correct and it hereby affirmed at the cost of appellant. *Page 129