DORÉ, Judge.
This is a ‘ slander of title suit in which plaintiff claims to be the owner and in actual possession of a certain 150-acre tract of land in East Feliciana Parish. He claims that the six defendants named in the petition áre slandering his title by claiming to own part of the tract, and that they have within the past year attempted to sell the timber on the land. The prayer is that defendants be ordered to either disclaim title to the property or assert their claim within a delay to be fixed by the court, or else be forever barred from claiming the property or any part of it.
A preliminary default was taken on December 22, 1950, and judgment was - rendered on December-28, 1951 confirming the default. On January 4, 1952, on an ex parte motion by defendants, the court ordered that the judgment that was rendered and signed on December 28, 1951 be rescinded and set aside. Plaintiff appealed from the decree of January 4, 1952.
*508 In addition to -the basic facts just mentioned, there was other activity in the case during 1951, as reflected in the record and in the minutes of the court, and this will be reviewed here in order to complete the picture. The suit.was filed on December 4, 1950, and service was had on all .defendants on December 6th. A preliminary default was .entered on December' 22,. 1950. On January 18, 1951 defendants filed two pleadings, one an exception of vagueness and the other designated as an Exception to Sufficiency of Possession. On January 22, 1951 a judge ad hoc was named to hear the case, and on the same date the plaintiff moved to have the exceptions set- for trial on February 15, 1951. ■ Oil February 24th the' counsel and court ¡met to “try” the exception to sufficiency of possession. The record does not reflect what was done except that the court ruled that defendants would have ten days to file a brief and plaintiff would have an additional five days, and that defendants would be permitted to supply verification to the exception. This verification was filed on March 7, 1951.
On June 18, 1951 the court rendered an “opinion” dealing with the effect of the exceptions filed by defendants. The significance of this opinion is doubtful; but the judge stated in it that he could not agree with plaintiff that issue had been joined by the filing of the exceptions. The opinion wound up by saying that the court would at the convenience of counsel “fix a day of trial on the question of sufficiency of possession, where evidence on part of defendants and plaintiff may be heard.”
On August 2, 1951 on motion of plaintiff the case was assigned for trial on August 27, 1951. On December 17, 1951 a minute entry shows that the court ordered that the cause he assigned for trial on its merits on December 28, 1951, and that the counsel representing defendants be notified. The minutes of December 28, 1951 show that “Motion was granted plaintiff to confirm a preliminary default.” Plaintiff then put on evidence consisting of documents and testimony of several witnesses, following which judgment was rendered, read and signed in favor of plaintiff decreeing that the default entered on December 22, 1950 be confirmed and made final and that there be judgment in favor- of plaintiff and against defendants ordering defendants either to disclaim title to the disputed property or to assert whatever claim or title they may have to same within 30 days from the date of the judgment or else be forever barred from laying claim to the property or any part of it.
On January 4, 1952 on the ex parte motion of William Louis Albritton, one of the defendants, appearing in proper person and as attorney for all the'defendants, the court ordered “that the judgment on the merits or the confirmation of judgment rendered," read and signed in open court in this matter on December 28, 1951, be, and the same is hereby recalled, rescinded and set aside.” On August 25, 1952 plaintiff was granted a devolutive appeal from the judgment rendered on January 4, 1952. It is that appeal that is now before the court. Defendants filed here what is termed an answer to the appeal, asking that the judgment of January 4, 1952 be affirmed and, in the alternative, that the judgment of December 28, 1951 be annulled.
Defendants have pointed out in this court that the extract of the court minutes prepared by the clerk of the district court and filed with the record on appeal fail to reflect that a preliminary default was entered on December 22, 1950; and that is advanced as one of the reasons why the judgment of confirmation on December 28, 1951 should have been set aside. However, the judgment rendered on December 28th recited that the “default entered herein on December 22, 1950” was being confirmed; so it must be presumed that a preliminary default had been entered. Furthermore, the clerk of the district court subsequently, in February, 1953, sent to this court a “Corrected Extract of Court Minutes”, which contained the entry of preliminary default. We need not pass upon whether the corrected extract should be considered; it is sufficient to say that no appeal was taken from the judgment of December 28, 1951, and we are not called upon to decide whether that judgment was properly rendered or not. The only appeal before this court is the appeal taken from *509 the judgment of January 4, 19'52. Defendants cannot by answering that appeal secure a reversal of the earlier judgment; the correctness of that judgment is not before us now.
Code of Practice, Article 548 states that “A judgment, when once rendered, becomes the property of him in whose favor it has been given; and the judge can not alter the same, except in the mode provided by law.” And Article 556 says that “Definb tive judgments may be revised, set aside or reversed: 1. By a new trial. 2. By appeal. 3. By action of nullity. 4. By rescission. This last mode can only be exercised by minors, or persons who were absent when judgment was rendered against them.”
The motion of defendants on January 4, 1952 did not come within the time allowed for praying for a new trial. See Code of Practice Article 558 and LSA-R.S. 13:3344. Defendants did not appeal; nor can the ex parte motion be considered as an action of nullity. And defendants do not claim to be minors or “absent” persons within the meaning of Article 556. In other words, defendants have not sought to revise or reverse the judgment of December 28th by any of the methods 'provided by law for revising judgments.
There is no power or authority in the court to revise or set aside a judgment after it has been signed, except where one of the methods provided by law is followed. See Factors & Traders Ins. Co. v. New Harbor Prot. Co., 39 La.Ann. 583, 2 So. 407; Hart v. Springfield F. & M. Ins. Co., 136 La. 114, 66 So. 558; Wallace v. Martin, La.App., 166 So. 874; McClelland v. District Household of Ruth, La.App., 151 So. 246; Albritton v. Nauls, La.App., 15 So.2d 126.
The last cited case provided-careful consideration of the question involved here. In that case the plaintiff obtained a judgment on July 30, 1932 for the sum of $1,750.92 for damages because of timber cut by defendants from lands plaintiff claimed to own, the judgment being against I. N. Nauls, Everett Nauls, D. W. Miscar and Natalbany Lumber Co., Ltd., in solide. All defendants obtained an order of appeal but only Miscar and the Lumber Company perfected their appeals. The Court of Appeal annulled the judgment and remanded the case on January 24, 1933, see 145 So. 405. Plaintiff proceeded no further with the remanded case, but in 1941 caused a writ of fieri facias to issue against Everett Nauls and began garnishment proceedings against his employer. Nauls filed a rule against plaintiff to show cause why the writ and garnishment process should not be annulled and set aside .for the reason that the judgment of 1932 had been annulled by the Court of Appeal in 1933. When the trial court ruled against Nauls and maintained the garnishment he took a devolutive appeal. Other issues were involved in the case, but the above summary presents that part of the case which bears on our present question. The Court of Appeal pointed out that a judgment cannot be set aside or changed on appeal except as to those who are parties to the. appeal, and then said [15 So.2d 128]:
“The judgment rendered against Everett Nauls. and the other three defendants in July, 1933 (1932), became final as - to this defendant when he failed to perfect his appeal within the time prescribed by law. The judgment against this defendant after it became. final was the property of the plaintiff. Code Prac. [art.] 548. After a judgment is rendered it- cannot be set aside, except in the manner provided by law, that is by a new trial, an appeal, an action of nullity or an action of rescission. Code Prac. [art.] 556. This defendant has not availed himself of any of these methods to set aside the judgment.”
In that case it was demonstrated by the action of the other parties that the defendant Everett Nauls could have had the judgment against him set aside if he had appealed. But because he had not availed himself of any of the methods provided by law for setting aside the judgment he was “stuck with it”; it made no difference how wrong the judgment might have been.
*510 In the present case we have the same situation: defendants have not availed themselves of any of the methods provided by law for revising or annulling judgments. It then makes no difference whether the judgment was correct or whether it was properly rendered. The judge had no power or authority to set aside the judgment on the ex parte motion of defendants.
For these reasons the judgment appealed from, that is, the judgment rendered on. January 4, 1952, is reversed and set aside so as to reinstate the judgment of December 28, 1951.