CULPEPPER, Judge.
Writs were granted to consider whether a preliminary judgment, obtained by plaintiff in a workmen’s compensation case,[1] can be annulled by order of court pursuant to an ex parte motion of defendant, without notice or hearing. We hold that it cannot.
The facts are that relator, Griffith Stevens, filed this suit on June 10, 1966 for workmen’s compensation benefits arising out of an injury received while in the employment of the respondent, Clynes Babineaux. At the time suit was filed, an order was signed by the district judge fixing the case for trial on December 7, 1966.
On October 3, 1966, plaintiff obtained a preliminary judgment for compensation benefits at the rate of $28 per week beginning October 14, 1965, and for medical expenses not exceeding $2500, on the grounds that defendant had failed to file an answer or other pleadings within ten days after service of the petition on defendant, as required by LSA-R.S. 23 :1315 — 1316.
On December 5, 1966, defendant filed an ex parte “Motion to Dismiss Preliminary Judgment” in which he alleged that the judgment was improperly issued.[2] Pursuant to this ex parte motion, the district judge entered an order on December 5, 1966 annulling and setting aside the preliminary judgment of October 3, 1966, without notice to plaintiff or hearing.
Plaintiff did not receive any notice that his preliminary judgment had been set aside.
*669 On December 20, 1966, plaintiff’s counsel wrote a letter to defendant’s attorney requesting payment of the amount due (about $200) under the preliminary judgment.[3] ' On December 27, 1966, defense counsel wrote a letter notifying plaintiff for the first time that the preliminary judgment had been annulled.
Applicable here is LSA-C.C.P. Article 963 which reads as follows:
“If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
“If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
“The rule to show cause is a contradictory motion.”
This motion to set aside the preliminary judgment was clearly not “one to which mover is clearly entitled.”. It was a motion asking for the annulment of a judgment to pay money, as to which there are very serious questions of both law and fact. The motion should have been served on the plaintiff and tried contradictorily with him.
For the reasons assigned, the ex parte order of the district court of date, December 5, 1966, setting aside the preliminary judgment, is annulled. This matter is remanded to the district court for further proceedings. The defendant respondent is assessed with the costs of the improvidently issued order, as well as the costs of these supervisory proceedings.
Ex parte order of the trial court annulled and case remanded.

. As provided for by LSA-R.S. 23:1315, 23:1316.

. The motion alleges that the sole purpose of the preliminary judgment procedure is to obtain a speedy trial on the merits in workmen’s compensation cases and to penalize the defendant in the event he delays the trial by failing to file an answer; that this case was not set for trial within three weeks after date of service of the petition as required by LSA-R.S. 23:1315; that, instead, it was set for trial on December 7, 1966, a period of almost six months after suit was filed; that defendant’s failure to file an answer within ten days did not delay the trial of the case on the merits; and that defendant actually filed his answer on December 1, 1966.

. The case was not tried on the merits on December 7, 1966. On December 8, 1966, the defendant reset the case for trial on January 10, 1967. Payments are claimed under the preliminary judgment to December 8, 1966, the date defendant reset the ease.