MOORE, J.
|-i Midland Funding LLC appeals an order denying its motion to nullify an ex parte order in which the Shreveport City Court “vacated” a prior summary judgment against Bennett Cady for the balance due on a MasterCard account. For the reasons expressed, we reverse and render.
Midland, which acquired certain MasterCard accounts of First Bank & Trust, sued Cady in Shreveport City Court for the balance due on his account, $1,225.47, plus contractual interest and attorney fees. *658 Cady, appearing pro se throughout, filed a general denial, interrogatories and requests for admissions, urging that he “never had any contract or debtor-creditor arrangements with” Midland. Midland moved for summary judgment, attaching two affidavits of correctness, a printout of Cady’s transaction history and a copy of the credit agreement. After a hearing on July 28, 2010, the city court rendered judgment as prayed for. Cady filed a motion and order for appeal on August 16. On Midland’s motion, however, this court dismissed the appeal as untimely under La. C.C.P. art. 5002, which sets a 10-day limit to appeal the judgment of a city or parish court. Cady did not seek supervisory review; the summary judgment against him is therefore final. Morneau v. American Oil Co., 272 So.2d 313 (La.1973); Sheets Family Partners-Louisiana, Ltd. v. Inner City Refuge Dev. Corp., 47,156 (La.App. 2 Cir. 6/20/12), 94 So.3d 964.
On October 25, 2011, Cady filed a “motion and memorandum to vacate judgment.” In support, he cited FRCP 60 (“Relief from a judgment or order”) and three federal cases from the Northern District of Ohio which allegedly enjoined Midland from using false and misleading affidavits to |2collect debts.[1] He argued that his constituted “new evidence and obvious misrepresentation by adverse party,” warranting relief from the summary judgment.
The city court granted this motion ex parte, writing on the bottom of the order, “Judgment vacated. This 17th November 2011. Set case for trial on merits.”
On December 15, 2011, Midland filed the instant motion to nullify the judgment to vacate. Midland contended that it never received notice of Cady’s “motion to vacate”; even if this filing could be construed as a motion for new trial or petition for nullity, it was untimely; and the city court lacked jurisdiction once Cady appealed. The city court ultimately set Midland’s rule for hearing on February 24, 2012, at 1:30 p.m.
At 1:30 on February 24, Cady appeared pro se in city court but Midland’s counsel did not. According to the transcript, the court stated that all parties received notice, but it was already 1:44 p.m. and “the court has not been notified of any express reason why there is a delay or absence.” The court therefore denied Midland’s motion to nullify.
Midland took a writ, which this court remanded to the city court for perfection as an appeal.
Midland now raises one assignment of error: the city court erred in granting Cady’s motion to vacate the underlying judgment. It shows that La. C.C.P. art. 963 permits an ex parte judgment if it is “one to which the |3mover is clearly entitled without supporting proof,” and argues that a court cannot nullify a prior judgment without notice and a hearing. State v. Babineaux, 196 So.2d 668 (La.App. 3 Cir.1967); Connell v. Albritton, 64 So.2d 507 (La.App. 1 Cir.1953). Specifically, Cady’s “motion to vacate” did not show he was clearly entitled to this relief, as FRCP 60 has no bearing on state court proceedings and he did not show that the affidavits used here were fraudulent or contained the misleading language censured by the federal court in Brent, supra. Midland asks this court to vacate, set aside or nullify the judgment of February 24, 2012, which vacated the summary judgment of *659 July 28, 2010, and reinstate the latter judgment.
Cady has filed no brief.
Midland’s position has merit. As noted above, this court dismissed Cady’s appeal of the summary judgment and Cady did not seek supervisory relief; that judgment is therefore final and we will not revisit it. Morneau v. American Oil Co., supra; Sheets Family Partners-Louisiana, Ltd. v. Inner City Refuge Dev. Corp., supra. After the appeal was taken, the city court lacked jurisdiction to amend the judgment or entertain a motion for new trial. La. C.C.P. art.2088; Bourgeois v. Kost, 2002-2785 (La.5/20/03), 846 So.2d 692; Winston v. Martin, 34,195 (La.App. 2 Cir. 7/6/00), 764 So.2d 368, unit granted on other grounds, 2000-2914 (La.12/15/00), 776 So.2d 1179.
Cady attempted to modify or avoid the judgment by filing a document called a “motion and memorandum to vacate judgment.” The Code of Civil Procedure does not recognize a motion to “vacate” a judgment. Bourgeois v. Kost, supra. Cady’s filing must therefore be interpreted by its substance |4rather than its caption. La. C.C.P. art. 865; Smith v. Cajun Insulation Inc., 392 So.2d 398 (La.1980); Scranton v. Ashley Ann Energy, 46,984 (La.App. 2 Cir. 4/11/12), 91 So.3d 1174, writ denied, 2012-1345 (La.9/28/12), 98 So.3d 846. Cady’s motion specifically alleged “new evidence of misrepresentation, fraud and disregard for court orders.” This closely approximates the “fraud or ill practices” which may be asserted as grounds for nullity under La. C.C.P. art. 2004 A.
The jurisprudence has established the following criteria for an action in nullity: (1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief, and (2) the enforcement of the judgment would have been unconscionable and inequitable. Wright v. Louisiana Power & Light, 2006-1181 (La.3/9/07), 951 So.2d 1058; Straughter v. Hodnett, 42,827 (La.App. 2 Cir. 1/9/08), 975 So.2d 81, writ denied, 2008-0573 (La.5/2/08), 979 So.2d 1286. Article 2004 is not limited to cases of actual fraud or intentional wrongdoing, but is sufficiently broad to encompass some improper practice which operates, even innocently, to deprive the party cast in judgment of some legal right, and where the enforcement of the judgment would be unconscionable and inequitable. Wright v. Louisiana Power & Light, supra. “Deprivation of legal rights” is conduct which prevents an opposing party from having an opportunity to appear or present a defense. Id. An action for nullity is not intended as a substitute for an appeal or as a second chance to prove a claim that was previously denied for failure of proof. The purpose of an action for nullity is to prevent injustice which cannot be | ^corrected through new trials and appeals. Id.; Straughter v. Hodnett, supra.
Discovery of evidence which could have been presented at the original trial usually cannot serve as the basis for an action for nullity. Gladstone v. American Auto. Ass’n, 419 So.2d 1219 (La.1982); Wright v. Louisiana Power & Light, supra. Further, even if new evidence is not discovered until after the judgment becomes final, despite the exercise of due diligence, that fact is not grounds to nullify the judgment unless fraud was involved or unless enforcement of the judgment would be inequitable and unconscionable. Otherwise, the finality of judgments would be seriously impaired. Gladstone v. American Auto. Ass’n, supra; Wright v. Louisiana Power & Light, supra; Straughter v. Hodnett, supra.
On close examination, we find the city court abused its great discretion in *660 granting Cady’s motion to “vacate” — essentially, to annul — the summary judgment. The principal case on which Cady relied, Midland Funding LLC v. Brent, was rendered on August 11, 2009, nearly one full year before the instant hearing on Midland’s motion for summary judgment. There is no showing that Brent was unavailable to Cady, or could not have been discovered through due diligence, before the hearing. Moreover, there is no showing that the affidavits submitted in support of the motion for summary judgment contained the “many falsehoods” noted by the federal court in the Brent affidavit.[2] Also, we must state the obvious in that FRCP 60 is a rule for federal courts, not for Louisiana state courts. Federal | ajurisprudence interpreting federal rules is persuasive on Louisiana courts if a state statute is patterned on the federal rules. Parish Nat’l Bank v. Lane, 397 So.2d 1282 (La.1981); Caldwell Wholesale Co. v. Central Oil & Supply Corp., 31,573 (La.App. 2 Cir. 1/26/99), 731 So.2d 305, writ denied, 2000-2151 (La.10/13/00), 771 So.2d 650. Article 2004 is based on provisions of the former Code of Practice, not on FRCP 60, so federal cases interpreting the latter are not binding on Louisiana state courts.
Perhaps most importantly, this record does not show that in the original city court proceeding Cady was deprived of legal rights or of any opportunity to appear or present a defense. Perhaps unwisely, Cady elected to proceed without legal representation in city court; he apparently offered no competent summary judgment evidence to dispute Midland’s properly supported motion, and his motion for appeal was untimely. While he did not present much of a defense, this was not because of fraud, ill practices or other circumstances depriving him of his rights; it was because of his own choice to act pro se. On this record, we perceive not one scintilla of evidence that enforcing the original judgment would be inequitable or unconscionable. Cady has not shown that he is entitled to nullity under Art. 2004.
Finally, we note that the city court granted Cady’s motion to “vacate” the summary judgment ex parte, without notice to Midland or a hearing. A judgment of nullity without notice and hearing is, itself, a nullity. Halley v. Guerriero, 577 So.2d 781 (La.App. 2 Cir.1991); State v. Babineaux, supra. Even if Cady had made some showing of fraud or ill practices, this 17court would have to reverse the ex parte order and remand the case for trial. Since, however, Cady has made no such showing, we are constrained to reverse that order and reinstate the underlying judgment.
For these reasons, the order of November 17, 2011, vacating the summary judgment is reversed and vacated; the summary judgment of July 28, 2010, is hereby reinstated. All costs in the city and appellate court are to be paid by the defendant, Bennett Cady, to the extent permitted by La. C.C.P. art. 5186.
ORDER VACATING SUMMARY JUDGMENT REVERSED AND VACATED; SUMMARY JUDGMENT REINSTATED.

. Midland Funding LLC v. Brent, 644 F.Supp.2d 961 (N.D.Ohio 2009); Vassalle v. Midland Funding LLC, unrep. (N.D.Ohio 8/12/11); Franklin v. Midland Funding LLC, 2011 WL 3557033 (N.D.Ohio 8/12/11).

. Comparing the affidavit with the affiant’s subsequent deposition in Brent, the court found that the affiant did not have personal knowledge of the account or that his affidavit would be used as the basis of a debt collection lawsuit.