LZM PROPERTIES, LLC     *     NO. 2025-CA-0060

VERSUS     *     COURT OF APPEAL

PRIVATE CONNECTION     *     FOURTH CIRCUIT
PROPERTIES, INC.

    *     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-06415  C\W 2019-13274, DIVISION "M"
Honorable Paulette R. Irons, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Monique G. Morial)

Kyle Salvador Sclafani
THE LAW OFFICE OF KYLE S. SCLAFANI
4130 Canal Street
New Orleans, LA 70119
      COUNSEL FOR PLAINTIFF/APPELLEE

Carolyn W. Gill-Jefferson
ATTORNEY AT LAW
1100 Poydras Street
Suite 2900
New Orleans, LA 70163

Robert G. Harvey, Sr.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, LA 70119

Reid S. Uzee
UZEE LAW FIRM
6218 Argonne Blvd.
New Orleans, LA 70124
      COUNSEL FOR DEFENDANT/APPELLANT

**PEREMPTORY EXCEPTION OF RES JUDICATA DENIED;
REVERSED AND REMANDED
OCTOBER 8, 2025**

Appellant, Private Connection Property, Inc. ("PCP"), appeals the trial court's October 1, 2024 judgment that granted LZM Properties, LLC's ("LZM") motion for summary judgment that sought to annul and set aside the September 25, 2019 judgment in favor of PCP. For the reasons to follow, we deny PCP's exception of *res judicata*, and we reverse the October 1, 2024 judgment.

## FACTUAL AND PROCEDURAL HISTORY

This Court has considered prior appeals involving the parties, the most recent being *LZM Properties, LLC v. Private Connection Prop., Inc.*, 2023-0707 (La. App. 4 Cir. 4/25/24), 390 So.3d 861 ("*LZM II*"). Accordingly, we adopt pertinent facts and procedural history from *LZM II* in our review of the case *sub judice* as follows:

> In June 2006, PCP, a non-profit corporation, acquired a piece of immovable property allegedly located at 4307-09 Calliope Street, New Orleans, Louisiana 70125 via cash sale from the Schorling family. *LZM Props., LLC v. Priv. Connection Prop., Inc.*, 2020-0455, pp. 1-2 (La. App. 4 Cir. 4/22/21), 318 So.3d 976, 977. Thereafter, beginning in 2007, PCP sought tax exemptions on the property. *Id.* at p. 3, 318 So.3d at 978.

> On April 12, 2016, at a public auction, in an attempt to acquire a one-hundred percent interest in the property located at 4438 Calliope Street in New Orleans, Louisiana 70125, LZM paid the unpaid ad valorem taxes, penalties, and costs for the years 2013, 2014, and 2015 totaling $18,505.28 (as well as the ad valorem taxes for 2016 and 2017). *Id.* at p. 4, 318 So.3d at 978. According to PCP, on approximately August 8, 2016, PCP learned that the City of New Orleans erroneously changed the address on its tax bill for its property located at 4307-09 Calliope Street to 4438 Calliope Street. *Id.* at p. 4, 318 So.3d at 979. William W. Alden ("Dr. Alden"), the director and primary shareholder of PCP, wrote a letter dated August 8, 2016, to Erroll G. Williams, Assessor for the Parish of Orleans ("Assessor

1

Williams"), seeking to correct the property address (i.e., change it from 4438 Calliope Street to 4307-09 Calliope Street). *Id.* PCP alleged that, at this time, it was unaware that LZM had purchased 4438 Calliope Street via tax sale. *Id.*

Then, on June 19, 2019, LZM filed a "Petition to Confirm and Quiet Title to Real Estate" ("Petition to Confirm Title") against PCP and sought to have the tax sale of 4438 Calliope Street confirmed at the expiration of the three-year redemptive period provided by La. R.S. 47:2228. *Id.* at pp. 4-6, 318 So.3d at 979-80. LZM attached its tax sale certificate to the Petition to Confirm Title, and the tax sale certificate identified the property at issue as 4438 Calliope Street. *Id.* at pp. 4-5, 318 So.3d at 979-80. In response, PCP filed a peremptory Exception of No Right of Action and alleged that the tax sale was an absolute nullity. *Id.* at p. 6, 318 So.3d at 980. On September 5, 2019, the trial court conducted a hearing on PCP's Exception of No Right of Action, at which PCP argued, in pertinent part, that it owned immovable property at 4307-09 Calliope Street, not 4438 Calliope Street. *Id.* at p. 6, 318 So.3d at 980. Countering, LZM argued the thumbnail legal description in its tax sale certificate reflected the same legal description in PCP's act of cash sale with the Schorling family. *Id.* At the conclusion of the hearing, the trial court granted PCP's Exception of No Right of Action and dismissed LZM's Petition to Confirm Title. *Id.* at pp. 6-7, 318 So.3d at 980. On September 25, 2019, the trial court issued its written judgment. *Id.*

*LZM II*, 2023-0707, pp. 1-3, 390 So.3d at 865-65.

Prior to the written judgment, on September 24, 2019, LZM filed a first amended and supplemental petition to confirm and quiet title to real estate and for nullity. *LZM Props., LLC*, 2020-0455, p. 7, 318 So.3d at 980. In response, PCP filed a peremptory exception of no right of action, dilatory exception of improper cumulation, and peremptory exception of *res judicata*. *Id.* at p. 7, 318 So.3d at 981. Subsequent to the December 12, 2019 hearing on the exceptions, "the trial court orally granted the exceptions of no right of action, improper cumulation and, *res judicata*, in favor of PCP, and LZM's amended petition to quiet title and for nullity was dismissed with prejudice. The trial court issued its written judgment on February 20, 2020." *Id.* at p. 7, 318 So.3d at 981. Prior to the issuance of the February 20, 2020 judgment, LZM filed a Petition to Annul Judgment on

2

December 26, 2019, which sought to annul the September 25, 2019 judgment based on ill practices. Thereafter, LZM appealed the February 20, 2020 judgment and this Court dismissed the appeal as untimely and procedurally defective. *See LZM Props., LLC*, 318 So.3d at 976.

In response to LZM's Petition to Annul, on March 25, 2020, PCP filed exceptions of no right of action and no cause of action. The trial court subsequently denied PCP's exceptions. Thereafter, on November 22, 2022, LZM moved for summary judgment. The trial court held a hearing on the motion for summary judgment on April 20, 2023 and orally granted LZM's motion for summary judgment. The trial court signed a judgment to that effect on May 1, 2023, to which PCP appealed.

On April 25, 2024, this Court reversed the May 1, 2023 judgment and remanded the matter for further proceedings, finding that the trial court erred in granting LZM's motion for summary judgment because there was a genuine issue of material fact regarding the allegation of fraud or ill practices. *See LZM II*, 390 So.3d at 861.

On July 17, 2024, LZM filed its second motion for summary judgment. On September 26, 2024, the trial court held a hearing on the second motion for summary judgment. On October 1, 2024, the trial court signed a judgment granting LZM's second motion for summary judgment and annulled and set aside the September 25, 2019 judgment. This timely appeal followed.

**DISCUSSION**

PCP assigns four errors; however, we narrow our discussion to three issues: 1) whether the trial court erred in denying PCP's exception of *res judicata*; 2) whether the trial court erred in excluding PCP's U.S. Department of Housing and

3

Urban Development settlement statement ("HUD-1settlement statement"); and 3) whether the trial court erred in granting LZM's second motion for summary judgment.[1] We begin by first addressing PCP's exception of *res judicata*.

### Exception of Res Judicata

PCP asserts that the trial court erred in denying its peremptory exception of *res judicata*.[2] On appeal, PCP once more filed an exception of *res judicata*. "Article 927 B lists *res judicata* as one of the peremptory exceptions that may be noticed by either the trial or the appellate court on its own motion." *Sam v. La. State Racing Comm'n*, 2023-0170, p. 4 (La. App. 4 Cir. 10/24/23), 376 So.3d 953, 956 (quoting *In re Successions of Gonzales*, 2013-0064, pp. 6-7 (La. App. 4 Cir. 8/7/13), 123 So. 3d 246, 250). An exception of *res judicata* can be filed for the first time in an appellate court, however, proof of the ground of the exception must appear in the record on appeal. La. C.C.P. art. 2163.

In reviewing a trial court's judgment denying an exception of *res judicata*, an appellate court must determine whether the trial court's decision is legally correct or incorrect. *Alexander v. La. State Bd. of Priv. Investigator Examiners*, 2023-0159, pp. 26-27 (La. App. 4 Cir. 10/25/24), 409 So.3d 37, *writ denied*, 2024-01438 (La. 2/25/25), 401 So.3d 659. "The *res judicata* effect of a prior judgment is a question of law, which is reviewed *de novo*." *Watson Mem'l Spiritual Temple of*

---

[1] PCP's four assignments of error are: 1) the trial court erred in denying PCP's exception of res judicata.; 2) the trial court disregarded this Court's remand instructions in *LZM II* and erred by failing to conduct a trial on the merits regarding PCP's "intent" and by granting LZM's Second motion for summary judgment; 3) the trial court erred in finding that PCP's attempt to change the municipal address of 4438 Calliope was an "innocent mistake" that deprived LZM of the rights it acquired in its tax sale certificate and resulted in an alleged "unconscionable or inequitable" dismissal of LZM's petition to quiet title; and 4) the trial court erred in excluding HUD-1 settlement statement.

[2] On May 24, 2023, the trial court signed a judgment denying PCP's exception of res judicata, noting that "the nullity action filed by [PCP] constitutes a separate lawsuit from the original tax sale suit."

4

*Christ v. Korban*, 2023-0293, p. 13 (La. App. 4 Cir. 12/13/23), 382 So.3d 1035, 1044 (citing *St. Charles Surgical Hosp., LLC v. La. Health Serv. & Indem. Co.*, 2018-0052, p. 3 (La. App. 4 Cir. 3/21/18), 317 So.3d 854, 856).

Generally, "the doctrine of [*res judicata*] precludes the re-litigation of claims arising out of the same facts and circumstances between the same parties of a previous suit in which there is a valid, final judgment. *Adams v. Sutton*, 2019-1105, p. 14 (La. App. 4 Cir. 10/12/22), 351 So.3d 391, 401 (citing *Schiff v. Pollard*, 2016-0801, p. 8 (La. App. 4 Cir. 6/28/17), 222 So.3d 867, 874). The principles of *res judicata* are set forth in La. R.S. 13:4231, as follows:

(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

The Supreme Court explained in *Burguieres v. Pollingue*, 2002-1385, p. 8 (La. 2/25/03), 843 So.2d 1049, 1053 that under La. R.S. 13:4231, a second action is precluded when the following five elements are satisfied:

(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

Here, PCP argues that LZM's Petition to Annul should be dismissed as *res judicata* based on the September 25, 2019 judgment dismissing LZM's original

5

Petition to Confirm Title because the same parties litigated the same issues and facts in that case, and LZM failed to move for a new trial, writ or appeal.

It is undisputed that the September 25, 2019 judgment is a valid and final judgment. A valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. *Burguieres*, 2002-1385, p. 8, 843 So.2d at 1053. A final judgment is one that disposes of the merits in whole or in part. La. C.C.P. art. 1841. As it relates to the third element, PCP and LZM were parties to the Petition to Confirm Title and the subsequent Petition to Annul. Thus, the first three elements of *res judicata* are satisfied.

Next, the cause of action asserted in LZM's Petition to Annul did not exist at the time the September 25, 2019 judgment rendered. In the context of the facts in this matter, it was necessary that a judgment be rendered before any action for nullity could be filed. *See* La. C.C.P. art. 2004.

Lastly, the cause of action asserted in LZM's Petition to Annul arises from the same transaction or occurrence that was the subject matter of the first suit. The record reflects that LZM's allegations that PCP had actual knowledge of the identification of the property that was on LZM's tax deed all arise out of the action to confirm and quiet title of real estate.

In sum, the crux of LZM's Petition to Annul is that the September 25, 2019 judgment was obtained by ill practices, which was not a subject matter litigated in the initial suit. Thus, we find no error in the trial court's denial of PCP's exception of *res judicata*, and we further deny the exception filed in this appeal.

### *Evidentiary Ruling*

Next, PCP argues that the trial court erred in sustaining LZM's objection to the HUD-1 settlement statement attached to its memorandum in opposition to the

6

motion for summary judgment. LZM argued that the exhibit was properly excluded because it was an unauthenticated document.

A trial court's evidentiary ruling on evidence in a motion for summary judgment is subject to the abuse of discretion standard of review. *Numa C. Hero & Son, LLP Through Hero v. Brit UW Ltd.*, 2022-0405, p. 8 (La. App. 4 Cir. 12/21/22), 356 So.3d 480, 485.

The Louisiana Code of Civil Procedure article 1636 allows for a proffer of evidence when the trial court has ruled that evidence inadmissible. This Court in *Perry v. F.H. Myers Constr. Corp.*, 2023-0064, p. 10 (La. App. 4 Cir. 11/2/23), 377 So.3d 331, 338 (quoting *Mazzini v. Strathman*, 2013-0555, p. 5 (La. App. 4 Cir. 4/16/14), 140 So.3d 253, 256) emphasized:

> evidence not properly and officially offered and introduced cannot be considered, even if physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal." *Denoux v. Vessel Management Services, Inc.*, 2007-2143 (La. 5/21/08), 983 So.2d 84.

Moreover, "[i]t is incumbent upon the party who contends his evidence was improperly excluded to make a proffer, and if he fails to do so, he cannot contend such exclusion is error." *Id.* (internal citation omitted).

The October 1, 2024 judgment provides that the trial court sustained LZM's objections to particular exhibits offered by PCP, "subject to [PCP's] right to proffer said exhibits on appeal." An appellate court must render its judgment upon the record on appeal and may not receive new evidence. *Denoux*, 983 So.2d at 88; La. C.C.P. art. 2164.

The transcript of the September 26, 2024 motion for summary judgment hearing reflects that PCP failed to make a proffer of the HUD-1 settlement

statement. Accordingly, PCP is precluded from raising the issue of admissibility on appeal as it is beyond this Court's review.

### *Motion for Summary Judgment*

Lastly, PCP argues that the trial court erred in granting summary judgment in favor of LZM. PCP contends that LZM attempts to circumvent this Court's ruling on intent in *LZM II* by arguing that PCP made an innocent mistake in changing the property address.

"Appellate courts review summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Amedee v. Aimbridge Hosp. LLC*, 2020-0590, p. 3 (La. App. 4 Cir. 12/16/22), 354 So.3d 250, 252 (quoting *Smith v. State*, 2018-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980). Therefore, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.* (quoting La. C.C.P. art. 966(A)(3)).

The mover bears the burden to prove that the mover is entitled to judgment as a matter of law, in accordance with La. C.C.P. art. 966(D)(1), as follows:

> [I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense.

Accordingly, "[t]he adverse party to the motion for summary judgment then bears the burden 'to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.'" *Boucree v. New Orleans E. Hosp. Found.*, 2023-0415, p. 5 (La. App. 4 Cir. 12/18/23), 380 So.3d 653, 658 (quoting La. C.C.P. art. 966 (D)(1)).

In its second motion for summary judgment, LZM argued that the intent of PCP was irrelevant if it is able to prove that 1) the circumstances under which the judgment was rendered showed the deprivation of legal rights of the litigant seeking relief; and 2) the enforcement of the judgment would be unconscionable or inequitable. LZM further argued that it only has to prove an improper practice or procedure, or an "innocent mistake" that led to a judgment depriving it of a legal right in an inequitable or unconscionable manner. In support of its second motion for summary judgment, LZM attached this Court's decision in *LZM II*; the September 25, 2019 judgment; and the trial court May 1, 2023 judgment granting its first motion for summary judgment.

In opposition, PCP argued that when the original Petition to Confirm Title was filed PCP maintained that it did not own 4438 Calliope. PCP further argued that the public record was available for LZM, which included the cash sale of property from the Schorlings to PCP on June 23, 2006. In support of its opposition, PCP attached the cash sale; the affidavit of Dr. Alden; and Dr. Alden's letter dated August 8, 2016, to Assessor Williams.

Dr. Alden attested that on July 23, 2006, PCP purchased immovable property located at 4307-09 Calliope Street from the Schorling family. Dr. Alden provided that after the purchase he never received any tax notices from the assessor. Dr. Alden further attested that he learned that 4438 Calliope Street was

9

the address being incorrectly used by the Assessor for 4307-09 Calliope Street, and he sent correspondence to the Assessor to inform that the correct address to the property was 4307-09 Calliope Street.

This Court in *LZM II* explained the nullity principles as follows:

> Louisiana Code of Civil Procedure Article 2001 provides that "[t]he nullity of a final judgment may be demanded for vices of either form or substance, as provided in [La. C.C.P. arts.] 2002 through 2006." Regarding nullity actions for vices of substance, La. C.C.P. art. 2004(A) states that "[a] final judgment obtained by fraud or ill practices may be annulled." Typically, the discovery of evidence which could have been presented at the original trial will not serve as a reason to nullify a judgment; and, even if new evidence is not discovered until after a final judgment, despite due diligence, this is not a basis to nullify the judgment unless fraud was involved. *Schiff v. Pollard*, 2015-0340, p. 4 (La. App. 4 Cir. 10/7/15),177 So.3d 719, 722 (first citing *Gladstone v. Am. Auto. Ass'n*, 419 So.2d 1219,1223 (La. 1982); and then citing *Wright v. La. Power & Light*, 2006-1181, p. 13 (La. 3/9/07), 951 So.2d 1058, 1068); *Midland Funding, LLC v. Cady*, 47,854, p. 5 (La. App. 2 Cir. 2/27/13), 110 So.3d 656, 659.

*LZM II* at p. 17, 390 So.3d at 873. This Court further elaborated the requirements to prevail in an action to nullify a judgment obtained by fraud or ill practices, a plaintiff must prove the following material facts: 1) that he or she seeks to nullify a previously rendered final judgment; 2) he or she raised the nullity in a direct action, not collaterally; 3) the plaintiff must show that he or she brought the cause of action within one year of discovering the fraud or ill practices; and 4) there is a showing that the challenged judgment was obtained by fraud or ill practices. *LZM II* at p. 18, 390 So.3d at 873 (quoting *Montana v. Jordan*, 2013-1410, pp. 12-13 (La. App. 4 Cir. 2/26/14), 135 So.3d 1212, 1219). Notably, this Court provided that the first three of these facts are undisputed, however, the fourth factor, that the plaintiff in a nullity action must demonstrate that the challenged

10

final judgment was obtained by fraud or ill practices is disputed. *Id.* at p. 19, 390 So.3d at 874. We find that this fact is still in dispute.

At the September 26, 2024 hearing for the second motion for summary judgment, the trial court stated:

> [THE COURT]: Let's go to what the 4th Circuit said that the mistake was I made a credibility determination. It does not matter who made the made the mistake. If PCP or the city made it. The end result is that the Court was [misled] to some extent. It also said in its opinion that an innocent mistake can be [led] to fraud.
>
> So[,] based on the 4th Circuit's opinion, the only issue was that we said that the intent, and we granted the motion for summary judgment. However, that is not necessary as you said earlier, and so I will grant your motion for summary judgment.

As previously mentioned, in a nullity action, the discovery of evidence which could have been presented at the original trial will not serve as a reason to nullify a judgment; and, even if new evidence is not discovered until after a final judgment, despite due diligence, this is not a basis to nullify the judgment unless fraud was involved. *See LZM II*, p. 17, 390 So.3d at 873. LZM no longer contends that PCP's action of requesting the municipal address change to be fraudulent, but instead an innocent mistake. Based on the affidavit of Dr. Alden, the change of address was deliberate. Moreover, the record provides that public records exist as to the transactions involving the property. This presents genuine issues of material fact as to whether LZM was aware of the 4307-09 Calliope Street address at the time of filing its Petition to Confirm Title and whether the information was ascertainable.

Moreover, whether there were misrepresentations made to the trial court, intentionally or by ill practice presents a question of credibility, and questions of credibility are inherently factual. LZM contends that regardless of intent, PCP

11

provided evidence to the trial court that it owned a property with an address of 4307 Calliope Street that was different from the property subject of the tax sale known as 4438 Calliope Street. Whereas, PCP contends there is no Act of Sale or juridical act transferring the ownership of 4438 Calliope Street to PCP, and that public records are available to LZM. The parties' interpretation of events are questions of fact that are inappropriate for summary judgment. Therefore, the trial court erred in granting summary judgment in favor of LZM.

## CONCLUSION

For the foregoing reasons, we deny PCP's peremptory exception of *res judicata*. We reverse the October 1, 2024 judgment granting LZM's motion for summary judgment, and remand this matter for trial on the merits.

**PEREMPTORY EXCEPTION OF RES JUDICATA DENIED;
REVERSED AND REMANDED**