MARC E, JOHNSON, Judge.
| fiPlaintiffs/Appellants, Keela Hawkins, et al., appeal the sustaining of a declinato-ry exception of lack of jurisdiction, the granting of a motion .to strike and the denial of a motion for new trial-in favor of Defendants/Appellees, Willow Incorporated (hereinafter referred to .as “Willow, Inc.”) and National Home Insurance Company (A Risk Retention Group) (hereinafter referred to as “NHIC”), from the 24th Judicial District Court, Division “M”. For the following reasons, we affirm the judgment of the lower court.
FACTS AÑD PROCEDURAL HISTORY
This is the second appeal in this matter. The facts pertaining to the first appeal can be found in Hawkins v. Willow, Inc., 12-160 (La.App. 5 Cir. 10/16/12); 102 So.3d 900. The following facts are relevant to the appeal currently before this Court.
This suit arises out of the development of the Village Green subdivision, a gated community in Jefferson Parish. The allegations are that the land upon which the subdivision was built was not suitable for that purpose, and that many of the homes have been damaged due to settlement problems. Some 25Ó homeowners brought suit on March 23, 2011 against several defendants. Among the defendants were Willow, Inc. as the developer of the subdivision and NHIC as the insurer of |7the 2-10 Home Buyer’s Warranty Booklet (“the Warranty” *), which was included in the 2-10 Home Buyer’s Warranties Program.
*214 On April 18, 2011, Willow, Inc. filed “Dilatory Exception Pleading Prematurity,” alleging Appellants failed to follow the necessary requisites contained in the Warranty. Willow, Inc. specifically alleged that Appellants were obliged to arbitrate their claims. On June 20, 2011, NHIC filed its declinatory exception of lis pen-dens and dilatory exception of prematurity. NHIC’s exception of prematurity also asserted that Appellants were bound to first submit their claims to arbitration per the provisions of the Warranty.
After a hearing that was held on September 18, 2011 on the exceptions of Willow, Inc. and NHIC, the trial court sustained NHIC’s exception of lis pendens as to Keela Hawkins and sustained NHIC’s exception of prematurity as to the remain-[1] ing claims in a judgment rendered on September 22, 2011. The judgment dismissed NHIC from the action and ordered that all of the remaining claims be submitted to arbitration as prescribed in the Warranty. On October 6, 2011, the trial court sustained Willow, Inc.’s exception of prematurity and stayed the matter pending resolution of the claim's in arbitration.
On October 3, 2013, Willow, Inc. filed its “Motion for a Temporary Restraining Order and Thereafter a Preliminary and Permanent Injunction Staying Arbitration Proceedings on Issues Other Than the 2-10 Home Buyer’s Warranty and Enforce Court Ordered Stay with Regard to Other Proceedings,” alleging that any issues concerning the NHIC were not properly before the arbitrator, Terrance Brennan. Willow, Inc. sought to have Mr, Brennan restrained from rendering any decision in the arbitration on subjects other than coverage and possible awards under the Warranty. NHIC filed ah opposition to Willow, Inc.’s motion, asserting Rthat by virtue of the September 22, 2011 judgment and the language of the Warranty, all of the claims among the parties were properly before the arbitrator for resolution.
A hearing on Willow, Inc.’s motion was held on October 9, 2013. In a ruling rendered on October 15, 2013, the trial court amended and clarified its October 6, 2011 order. In the “Amended Order,” the trial court ordered, among other things, that all of the matters before the court were to be submitted to arbitration as prescribed by the Warranty, and the contractual obligations of NHIC were not to be altered, amended, extended, or changed, as set forth in the Warranty. Appellants did not seek supervisory review of the amended ruling.
On February 28, 2014, Appellants also filed an “Expedited Motion for New Trial to Rescind Order for Forced Arbitration and Pursuant to LSA[-]R.S. 22:629 A(2).” Appellants filed an amended motion for new trial on June 5, 2014. In memoranda for the motion, Appellants argued the arbitration clause in the Warranty was null and void pursuant to La. R.S. 22:629 A(2), and the trial court should have rescinded its ruling ordering arbitration because of newly discovered evidence.
On June 5, 2014, Willow, Inc. filed its opposition to Appellants’ motion for new trial. Willow, Inc. claimed that the language of the Warranty was clear and unambiguous, and that the provisions of the Warranty for arbitration were binding on all parties. In opposition to Appellants’ motions, NHIC filed a declinatory exception of lack of jurisdiction and, in the alternative, a motion to strike Appellants’ motion to strike certain pleadings, which included Appellants’ motion for partial summary judgment, on June 10, 2014. NHIC also filed memoranda in opposition to Appellants’ motions, asserting that the arbitration per the Warranty was properly *215 enforced by the trial court in its September 22, 2011 judgment,
IsA hearing on the motions and NHIC’s exception was held on July 15, 2014. On July 24, 2014, the trial court rendered a ruling that sustained NHIC’s exception of lack of jurisdiction, granted NHIC’s motion to strike Appellants’ motion for partial summary judgment, and denied Appellants’ motion for new trial against NHIC and Willow, Inc. The instant appeal followed.
ASSIGNMENTS OF ERROR
On appeal, Appellants allege the trial court erred in sustaining NHIC’s declina-tory exception of lack of jurisdiction and finding there was no newly discovered evidence necessitating a new trial. Appellants also request that this Court reform and recreate the insurance policy at issue in their favor.
LAW AND ANALYSIS

Lack of Jurisdiction

Appellants allege the trial court erred in sustaining NHIC’s declinatory exception of lack of personal jurisdiction. Appellants argue NHIC waived its claim for lack of jurisdiction when it appeared on the record and filed opposition memoranda after the September 22, 2011 judgment, which dismissed the claims against NHIC, was rendered. Consequently, Appellants contend that NHIC cannot now assert the trial court does not have jurisdiction over it.
NHIC asserts the trial court did not err in maintaining its exception of lack of jurisdiction. NHIC contends the September 22, 2001 judgment dismissed Appellants’ claims against it and became a final judgment when Appellants failed to timely seek review of the ruling. As a result, NHIC asserts the trial court has no jurisdiction over it because it is no longer a party to the matter. Additionally, NHIC contends it did not waive its right to raise an exception of lack jurisdiction by filing memoran-da because it objected to the trial court’s jurisdiction each time it appeared.
I min its September 22; 2011 judgment, the trial court’s ruling stated, in pertinent part,
IT IS FURTHER ORDERED that the Exception of Prematurity of National Home Insurance Company be and it hereby is granted, this matter is hereby dismissed as to National Home Insurance Company as premature, and it is ordered that all claims be submitted to arbitration as prescribed by the applicable 2-10 HBW Warranties.
Appellants did not seek review of that judgment.
In their expedited motion for new trial and motion for partial summary judgment, both of which were filed more than two years after the September 22, 2011 ruling, Appellants included NHIC as a defendant to the motion. NHIC filed a declinatory exception of lack of jurisdiction to Appellants’ motions on the basis that it was no longer a party to the matter because it had been dismissed in the September 22nd judgment.
. At the conclusion of the hearing on the motions and the exception, the trial court denied Appellants’ motion for new trial and sustained NHIC’s exception ,of lack of jurisdiction. In its oral reasons for judgment, the trial judge stated, ,
With regard to the Declinatory Exception of Lack of Personal Jurisdiction, the Court does grant that motion. Clearly, NHI[C] is a risk retention group. They have been'dismissed by the. Court on that basis. The laws of insurance do not apply to this risk retention group or to home warranty plans. It’s not a tradi *216 tional insurance policy. The warranty that is in existence is. a contract between the home buyer and the builder, and the New Home Warranty authorizes arbitration. The contract provides for arbitration.
The trial court confirmed its ruling from the bench that sustained NHIC’s exception through its written judgment rendered on July 24, 2014. In its written reasons for judgment, the trial court reiterated that it no longer had jurisdiction over claims against NHIC.
When reviewing a trial court’s legal ruling on a declinatory exception of lack of personal jurisdiction, an appellate court applies a de novo standard of review. Jacobsen v. Asbestos Corp., 12-655 (La.App. 5 Cir. 5/30/13); 119 So.3d 770, 778. (Citations omitted). However, the trial court’s factual findings underlying the decision are reviewed under the manifest error standard of review. Id.
In this case, NHIC was dismissed by the trial court from thé action in the September 22, 2011 judgment, and the claims against it were ordered to be arbitrated. Appellants failed to seek review of the correctness of that ruling in regards to NHIC’s dismissal from the' action, and the September 22nd judgment became a final judgment. Consequently, NHIC was no longer a party to the action. At that point, NHIC could not be brought back into the action by Appellants through the filing of their motions .against NHIC, and NHIC could not waive the lack -of the trial court’s jurisdiction over it through’ filing oppositions to Appellants’ motion. Thus, the trial court was correct in finding that it no longer had jurisdiction over NHIC and properly sustained NHIC’s exception of lack of jurisdiction in its July 24, 2014 judgment.
Therefore, we find the trial court did not err in sustaining NHIC’s declinatory exception of lack of jurisdiction.

Denial of Motion for New Trial

Appellants argue the trial court erred in denying its motion for new trial because they presented newly discovered evidence for the trial court to review pursuant to La. C.C.P. art.1972. Appellants contend that newly discovered evidence in the form of exhibits, sworn testimony of a NHIC representative, sworn testimony of a Willow, Inc. representative, and their own affidavits clearly show that fraud, deceit, and misrepresentations were made to induce them into signing the Warranty. Appellants argue the evidence is newly discovered because it was not obtained until discovery was conducted during the arbitration. Appellants | ^further contend that they presented more than one basis for a new trial, which should have been granted by the trial court.
Willow, Inc. asserts the trial court properly denied Appellants’ motion for new trial filed in 2014 because the motion untimely, sought to review judgments rendered in 2011.[2] Willow, Inc. further asserts the motion was properly denied because the evidence presented by Appellants was not newly discovered and was known to Appellants long before they sought a new trial.
A new trial shall be granted, upon contradictory motion of any party,, in the following cases: 1) when the verdict or judgment appears clearly contrary to the law *217 and the evidence; 2) when the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial;' and 3) when the jury was bribed or has behaved improperly so that impartial justice has, not been done. La. C.C.P. art. 1972. The trial court may grant a new trial in any case if there is good ground therefor, except as otherwise provided by law. La. C.C.P. art. 1973. The delay for applying for a new trial shall be seven days, exclusive of legal holidays. La. C.C.P. art. 1974. The delay for applying for a new trial commences to run on the day after the notice of judgment has •been mailed or served by the sheriff as required by La. C.C.P. 1913. Id:
In this matter, the trial court rendered its “Amended Order” on October 15, 2013. That particular ruling specified that all of the matters filed in the action,were to be submitted to arbitration as prescribed by the Warranty. The notice of judgment was mailed by the clerk on October 18, 2013. On February 28, 2014, Appellants filed their expedited motion for new trial, alleging that the arbitration [^clause was unlawful pursuant to La. R.S. 22:629(A)(2). Appellants filed an amendment to their motion on June 5, 2014, alleging they had newly discovered evidence.
Because Appellants filed their motion for new trial on February 28, 2014, months after the clerk mailed the notice of the October 15, 2013 judgment, the trial court properly denied Appellants motion on the basis that it was untimely. La. C.C.P. art.1974 expressly sets forth the time delay for filing a motion for new trial, and Appellants did not comply with that time delay when their motion was filed.
However, we note that although Appellants titled their .pleading as a motion for new trial, the substance, of the pleading attempted to vitiate the Warranty by alleging fraud. Appellants argued that the depositions of Glenn Synder and Billy K. Sneed given during .the arbitration proved they were fraudulently induced into signing the Warranty. Because they alleged they were fraudulently induced, Appellants contended, the Warranty was entirely null and void.
La. R.S. 9:4201 states that a provision in any written contract to settle by arbitration any dispute arising out of the contract shall be valid, irrevocable, and enforceable, except upon such grounds as exist at law or in equity for the revocation of any contract. , Consent, may be vitiated by error, fraud, or duress. Salassi v. Salassi, 08-510 (La.App. 5 Cir. 5/12/09); 13 So.3d 670, 676, citing La. C.C. art. 1948. A vice of consent renders a contract a relative nullity. Id., citing La. C.C. art. 2031. An action of annulment,of a relatively null contract must be brought within five years 'from the time the ground for the nullity either ceased, as in the case of incapacity or duress, or was discovered, as. in the case of error or fraud. Id. at 676-77, citing La. C.C. art. 2032. Thus, there is a five-year prescriptive period to .annul a relatively null, contract,qn,account of fraud or duress. Id. The purpose of an action for nullity is to prevent injustice that can not be corrected through new trials and appeals. Johnson v. Cain, 08-936 (La.App. 1 Cir. 11/14/08); 999 So.2d 51, 53. However, allegations of fraud or ill practice may only be addressed by direct action, through ordinary process, and may not be addressed by motion or summary process. State v. Williams, 97-1816 (La.App. 4 Cir. 3/11/98); 709 So.2d 326, 329, citing Marie v. Doucette, 328 So.2d 805 (La.App. 1st Cir.1976) and Nethken v. Nethken, 307 So.2d 563 (La.1975).
Here, Appellants raised their allegations of fraud against Defendants in a motion. Jurisprudence dictates that Appellants’ al *218 legations must be brought in an action for nullity. Consequently, even if Appellants had timely filed their motion for new trial, the trial court would have been prevented from finding the Warranty was null and void because the allegations of fraud were not pleaded with particularity in a direct action.
Therefore, we find the trial court did not err in denying Appellants’ “Expedited Motion for New trial to Rescind Order for Forced Arbitration and Pursuant to LSA-R.S. 22:629 A(2).”

Reformation of Warranty

In alternative to the assignments of error raised, Appellants contend that this Court can reform and recreate a policy of insurance from the Warranty at issue. Appellants argue that the newly discovered evidence shows they were fraudulently induced into believing they had catastrophic insurance coverage on the foundation of their homes for ten years by NHIC and Willow, Inc., when in reality they were not insured and were never provided any coverage as an insured under the Warranty. Appellants request that this Court either reform the Warranty as an insurance policy that covers foundation failures for ten years or remand the matter to the trial court for further proceedings against Willow, Inc. and NHIC.
| ]sAfter reviewing Appellants’ argument, we decline to reform or recreate the Warranty at issue into a policy of insurance. Appellants have not provided sufficient evidence to support their allegations that the rulings of the trial court were erroneous. Additionally, as previously mentioned, Appellants have failed to properly allege fraudulent inducement into signing the Warranty, and those allegations cannot be considered by us as a means to reform or recreate the Warranty into a policy of insurance. Therefore, we deny Appellants’ request.
DECREE
For the foregoing reasons, we affirm the trial court’s sustaining of NHIC’s declina-tory exception of lack of jurisdiction and denial of Appellants’ motion for new trial in favor of Willow, Inc.
AFFIRMED.

. The Warranty provided a workmanship/systems and structural limited warranty on the homes built in the' subdivisión.

, Willow, Inc.. also asserts the trial court lacked the jurisdiction over it to entertain Appellants' motion because the claims against it had been stayed pending the submission of the dispute to arbitration. Unlike NHIC, the claims against Willow, Inc. were stayed, not dismissed. Thus, the trial court retained its jurisdiction over Willow, Inc. to address certain matters through issuing the stay order.