GAVIN MORGAN

VERSUS

SHANAY FOSTER

NO. 20-CA-363

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 777-207, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

April 07, 2021

**ROBERT A. CHAISSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Robert A. Chaisson, and Hans J. Liljeberg

<u>**JUDGMENT AFFIRMED IN PART, VACATED IN PART**</u>
    **RAC**
    **SMC**
    **HJL**

COUNSEL FOR PLAINTIFF/APPELLANT,
GAVIN MORGAN
    Eric E. Malveau

**CHAISSON, J.**

In this case arising from a child custody dispute, Gavin Morgan appeals a May 29, 2020 judgment of the district court that granted Shanay Foster's "Motion to Vacate" a 2018 Consent Judgment and joint custody agreement entered into between Mr. Morgan and Ms. Foster. This case presents a *res nova* issue: whether, upon motion of a parent, a trial court may rescind or terminate a joint custody agreement between the parent and a non-parent without first conducting a hearing to determine the best interest of the child. For the following reasons, we affirm in part and vacate in part the May 29, 2020 judgment of the district court, and remand for further proceedings consistent with this opinion.

**BACKGROUND**

On March 14, 2016, Shanay Foster, who was not married at that time, gave birth to a daughter, G.F.[1] At that time, both Ms. Foster and Mr. Morgan believed that Mr. Morgan was the father of G.F. Consequently, Ms. Foster and Mr. Morgan began to share parenting responsibilities for G.F.

On October 26, 2017, Mr. Morgan filed a Petition to Establish Custody with the 24th Judicial District Court wherein he claimed that G.F. resided with him and that he had been taking care of G.F. physically, financially, and emotionally since her birth. In the petition, Mr. Morgan sought sole custody of G.F. and alleged that she was abused and neglected while with Ms. Foster.

Shortly thereafter, on November 7, 2017, Ms. Foster filed a Petition for Protection from Abuse wherein she claimed that Mr. Morgan had physically and verbally assaulted her. In that petition, Ms. Foster requested that she be granted temporary custody of G.F. On January 9, 2018, following a hearing on the

---

[1] To protect the identity of the minor child involved, the minor child will be referred to using initials only. U.R.C.A. 5-1, 5-2; *L.R.F. v. A.A.*, 13-797 (La. App. 5 Cir. 2/26/14), 133 So.3d 716, 717 n.2, *writ denied*, 14-655 (La. 4/17/14), 138 So.3d 633, *cert. denied*, 574 U.S. 871, 135 S.Ct. 224, 190 L.Ed.2d 134 (2014).

petition, the Domestic Commissioner dismissed it with prejudice for failure to prove the allegations by the appropriate standard.

On January 11, 2018, Ms. Foster filed an Answer to Mr. Morgan's Petition for Custody and an Amended and Supplemental Reconventional Demand wherein she admitted that she and Mr. Morgan were the parents of G.F. Ms. Foster claimed that G.F. had resided with her since birth, that Mr. Morgan had refused to return G.F. to Ms. Foster following visitation, and that it was in the best interest of G.F. that Ms. Foster be awarded sole custody.

On April 11, 2018, Mr. Morgan and Ms. Foster entered into a Consent Judgment which states in part:

> IT IS ORDERED, ADJUDGED AND DECREED that Gavin Morgan shall formally be acknowledged as the father of the minor child [G.F.] d.o.b. 3/14/2016.
>
> IT IS ORDERED, ADJUDGED AND DECREED that the parties shall have joint custody of the minor child [G.F.] with physical custody being shared.
>
> IT IS ORDERED, ADJUDGED AND DECREED that Shanay Foster shall be the domiciliary custodian of said child.
>
> IT IS ORDERED, ADJUDGED AND DECREED The parties will alternate custody on a weekly basis.
> …
>
> IT IS ORDERED, ADJUDGED AND DECREED that the child's surname be changed to [father's surname] and Gavin Morgan will be placed on the minor child's birth certificate as the father. Shanay Foster will complete any and all necessary paperwork needed to facilitate the name change and inclusion on the birth certificate.[2]
> …

Four months later, on August 3, 2018, Mr. Morgan filed a Petition for Protection from Abuse wherein he claimed to have been physically and verbally harassed and attacked by Ms. Foster and that she had made false statements

---

[2] In later filings, Ms. Foster claimed that, on the same day the parties entered into this consent agreement, they visited the state's vital records office where Ms. Foster executed all necessary documents to have Mr. Morgan's name added to G.F.'s birth certificate.

leading to his arrest. Following a hearing on the matter, this petition was dismissed on Mr. Morgan's own motion.

On November 12, 2019, Mr. Morgan filed a Motion to Modify Custody wherein he alleged there was a material change in circumstances which required a modification of custody and that Ms. Foster failed to regularly exercise her physical custody of G.F. Mr. Morgan requested that the Consent Judgment be modified to continue joint custody, but to name him the domiciliary parent and to grant visitation to Ms. Foster every other weekend and to require drug testing for Ms. Foster.

On December 12, 2019, Ms. Foster filed a Motion to Vacate Judgment and for Declaratory Judgment, wherein she claimed that it was in the best interest of G.F. that the Consent Judgment be vacated. Ms. Foster claims that in February 2019, she received notice of a DNA test conducted in November of 2018 which showed that Mr. Morgan was not the biological father of G.F. Ms. Foster claimed that it was in G.F.'s best interest that any and all parental rights of Mr. Morgan be terminated and that sole custody be granted to Ms. Morgan immediately.

In response, on February 4, 2020, Mr. Morgan filed Exceptions of No Right or Cause of Action and/or Exception of Unauthorized Use of a Summary Proceeding wherein he argued that a "Motion to Vacate" a judgment is not a recognized action in Louisiana law and that, even if the court were to construe the motion as an action for nullity pursuant to La. C.C.P. art. 2004, it was improper to bring such an action in an ordinary proceeding and, additionally, that Ms. Foster failed to allege any fraud or ill practices by Mr. Morgan that would substantiate such an action for nullity.

On February 13, 2020, Ms. Foster filed a Petition for Protection from Abuse on behalf of G.F. wherein she alleged Mr. Morgan was abusive and dangerous to

G.F.[3]  In opposition to the Exception of Unauthorized Use of a Summary

Proceeding, Ms. Foster conceded that the "Motion to Vacate" was not supported

by law, but prayed that her motion be treated as a Petition to Vacate Judgment as

dictated by Louisiana law and jurisprudence.  In opposition to the Exceptions of

No Right or Cause of Action, Ms. Foster claimed that she was not bringing her

action under La. C.C.P. art. 2004, but rather under La. R.S. 9:399.1, which allows

for a judgment establishing paternity to be set aside or vacated by the adjudicated

father of a child, the child, or the mother of the child within two years of the date

of the judgment establishing the father of the child.

Following a February 20, 2020 hearing on Mr. Morgan's exceptions and Ms.

Foster's request to have her motion converted to a petition, the Domestic

Commissioner ruled from the bench, sustaining Mr. Morgan's Exception of No

Right of Action on the basis that he considered the Consent Judgment to be an

authentic acknowledgment of paternity.  The Domestic Commissioner also denied

Ms. Foster's Motion to Vacate on the basis that the statute relied upon by Ms.

Foster, La. R.S. 9:399.1, did not apply to consent judgments.

After a hearing, the Domestic Commissioner signed a March 4, 2020

judgment dismissing without prejudice Ms. Foster's Petition for Protection in

which he noted that "after hearing the court feels that other evidence may be

presented that would settle this domestic abuse/custody matter that might be

gathered in a custody evaluation due to the tender age of the child."[4]

Ms. Foster objected to the rulings of the Domestic Commissioner, and the

case was transferred to the district court.  Following a hearing on the objection

---

[3] In support of this motion, Ms. Foster attached a letter from Louisiana Department of Children and Family Services (DCFS) stating it was investigating a November 26, 2019 report of welts suffered by G.F.

[4] Shortly after this ruling, Ms. Foster sought and was granted an emergency interim custody judgment due to the COVID-19 pandemic that awarded her sole custody of G.F.

during which both parties testified[5], the district court rendered judgment on May 29, 2020, maintaining Ms. Foster's objection to the Domestic Commissioner's ruling, overruling Mr. Morgan's Exceptions of No Right or Cause of Action and Exception of Unauthorized Use of Summary Proceeding, and granting Ms. Foster's Motion to Vacate the April 11, 2018 Consent Judgment.[6] It is from this judgment that Mr. Morgan now appeals.

**DISCUSSION**

The Code of Civil Procedure does not recognize a motion to "vacate" a judgment. *Midland Funding, LLC. v. Cady*, 47,854 (La. App. 2 Cir. 2/27/13), 110 So.3d 656, 659. Ms. Foster's filing must therefore be interpreted by its substance rather than its caption. La. C.C.P. art. 865. Ms. Foster prayed for the following relief in her Motion to Vacate:

> WHEREFORE, the defendant, SHANAY FOSTER prays that the court issue a rule to show cause directed to the plaintiff, GAVIN MORGAN, directing him to appear and show cause, if any he has, on a date and time designated by this honorable court: Why the Consent Judgment should not be vacated; Why the court should not accept the DNA Test Report as proof of paternity; Why there should not be judgment ordering the removal of the plaintiff's name from the minor child's birth certificate and restoring the child's surname to Foster; and Why there should not be judgment declaring that the plaintiff GAVIN MORGAN is not the father of the minor child [G.F.], and casting cost of the proceedings with the plaintiff.
> The defendant further request [sic] that this matter be placed upon the court's docket for the earliest available date to avoid any further harm to the child.

From this we can ascertain that Ms. Foster's Motion to Vacate must be construed as a Motion to Rescind the Consent Judgment as well as a Motion to

---

[5] At the hearing, the Court also asked the parties whether it would be in the child's best interest to have a curator appointed to represent the child's interest, to which both parties replied in the negative. No other inquiry into the child's best interest was made.

[6] In its written reasons for judgment, the district court correctly noted that the Consent Judgment is a bilateral contract between the parties, not a final adjudicated judgment, and therefore the rules set forth in La. C.C.P. art. 2004 for the annulment of final judgments are inapplicable in this case. The district court and Domestic Commissioner were also correct in pointing out that La. R.S. 9:399.1, cited by Ms. Foster as a basis for setting aside the Consent Judgment, was inapplicable because these proceedings do not involve an adjudicated father.

Modify or Terminate a Joint Custody Agreement. We consider these in turn below.

*Motion to Rescind the Consent Judgment*

The April 11, 2018 Consent Judgment entered into by the parties is a compromise, or a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. Contracts have the effect of law for the parties and may only be dissolved through the consent of the parties or on grounds provided by law. La. C.C. art. 1983; *Rumore v. Wamstad*, 99-557 (La. App. 5 Cir. 2/8/00), 751 So.2d 452, 455. A compromise may be rescinded for error, fraud, and other grounds for the annulment of contracts. La. C.C. art. 3082. Such grounds include contracts wherein the cause of an obligation is unlawful such that the enforcement of the obligation would produce a result prohibited by law or against public policy. La. C.C. art. 1968; *Kozina v. Zeagler*, 94-413 (La. App. 5 Cir. 11/29/94), 646 So.2d 1217, 1220. Those contracts that violate the rules of public order are absolutely null and may not be confirmed. La. C.C. art. 2030. Where the consent to a contract has been vitiated by error, fraud, or duress, such a vice of consent renders a contract a relative nullity. La. C.C. art. 2031; *Hawkins v. Willow Inc.*, 15-71 (La. App. 5 Cir. 11/19/15), 181 So.3d 210, 217, *writ denied*, 15-2326 (La. 2/19/16), 187 So.3d 463.

We turn first to that clause in the Consent Judgment which purports to establish Mr. Morgan's paternity, which states:

> IT IS ORDERED, ADJUDGED AND DECREED that Gavin Morgan shall formally be acknowledged as the father of the minor child [G.F.] d.o.b. 3/14/2016.

The Civil Code has defined very specific means whereby a man unmarried to the mother at the time of a child's birth may establish paternity of the child. Under La. C.C. art. 196, a man may, by authentic act, acknowledge a child not

filiated to another man. This acknowledgment creates the presumption that the man who acknowledged the child is the father. Under La. C.C. art. 198, a man may also institute an action to establish his paternity of a child, which may in turn lead to an adjudicated judgment of paternity decreeing a man the father of a child.

The April 11, 2018 Consent Judgment is not an authentic act for the purposes of establishing paternity. La. C.C. art. 1833 prescribes a particular form for authentic acts, which are writings to be executed before a notary public or other officer authorized to perform that function, in the presence of two witnesses, and signed by each party who executed it, by each witness, and by each notary public before whom it was executed. The Consent Judgment, although signed by the parties and the judge, was not signed by any witnesses, and therefore fails to meet these requirements.

Furthermore, Mr. Morgan has never filed a petition to establish paternity of the child pursuant to La. C.C. art. 198, and therefore the Consent Judgment cannot be an adjudicated judgment of paternity as required by that statute. While the parties' agreement in the Consent Judgment to name Mr. Morgan as the father of the child has a lawful purpose, it nevertheless violates the rules set forth for the establishment of paternity by the legislature. Therefore, we affirm that part of the trial court's judgment declaring the provision of the Consent Judgment establishing Mr. Morgan's paternity as null, void, and without effect.

We turn next to the provisions of the Consent Judgment establishing the joint custody of the child between Ms. Foster and Mr. Morgan, which state:

> IT IS ORDERED, ADJUDGED AND DECREED that the parties shall have joint custody of the minor child [G.F.] with physical custody being shared.

> IT IS ORDERED, ADJUDGED AND DECREED that Shanay Foster shall be the domiciliary custodian of said child.

> IT IS ORDERED, ADJUDGED AND DECREED The parties will alternate custody on a weekly basis.

Stipulated joint custody agreements between a parent and a nonparent are not illegal or immoral, and they do not violate the rules of public order. *See Tracie F.*, 188 So.3d at 235; *In re J.E.T.*, 16-0384 (La. App. 1 Cir. 10/31/16), 211 So.3d 575, 584. The fact that G.F. is not the biological child of Mr. Morgan is not sufficient grounds for declaring the Consent Judgment between him and Ms. Morgan regarding custody of G.F. absolutely null as *contra bonos mores*.

However, the compromise agreement between the parties may be rescinded or declared relatively null on the basis of error. Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. La. C.C. art. 1949; *Brady v. Pirner*, 18-0556 (La. App. 4 Cir. 12/5/18), 261 So.3d 867, 875. Error can manifest itself in two ways: mutually, *i.e.*, both parties are mistaken, or unilaterally, *i.e.*, only one party is mistaken. *Peironnet v. Matador Res. Co.*, 12-2292 (La. 6/28/13), 144 So.3d 791, 807. Both parties can individually be mistaken, in which case both parties are clearly aware the matter in error was the cause of their mutual obligations, thus vitiating the consent of both parties; or one party can be mistaken and that mistake will vitiate consent only if the other party knows or should have known of the error. *Id*.

A party who asserts that an obligation is null must prove the facts or acts giving rise to the nullity, modification, or extinction. La. C.C. art. 1831. As the party seeking rescission of their agreement, Ms. Foster has the burden of proof in showing either mutual or unilateral mistake vitiated the consent necessary for the Consent Judgment. It is uncontested that at the time the parties entered into the Consent Judgment in April of 2018, both of them believed Mr. Morgan to be the biological father of G.F. Ms. Foster's testimony at trial is that she believed Mr.

Morgan to be the father of G.F. and that she would not have signed the Consent Judgment if she had known that he was not the father.[7]

However, while Mr. Morgan testified that he believed he was the father of G.F. at the time he entered into the Consent Judgment, it is not clear from his testimony that he would not have signed the Consent Judgment if he had known he was not the father. The record shows that even after being informed that he was not the biological father of the child, Mr. Morgan still undertook the obligations of caring for and parenting G.F., and the fact that he has continued to seek custody indicates that biological paternity is not the cause for which Mr. Morgan bound himself to the Consent Judgment. There are many lawful reasons for which a non-parent may agree to undertake custody of a child, and biological kinship is not the only cause whereby a party incurs the obligations of a joint custody agreement.

We agree with the factual finding of the district court that both Mr. Morgan and Ms. Foster were mistaken in their belief of the biological paternity of G.F. Nevertheless, the evidence presented is insufficient to show that Mr. Morgan would not have entered the custody agreement even with the knowledge that he was not the biological parent of G.F. Therefore, this is not an instance of bilateral error.

Rescission of the contract may still be granted where the error is unilateral, however, the error must be excusable, meaning the party in error did not fail to take elementary precautions that would have avoided her falling into error. *Semco, LLC v. Grand Ltd.*, 16-342 (La. App. 5 Cir. 5/31/17), 221 So.3d 1004, 1030, *writ denied*, 17-01291 (La. 11/6/17), 229 So.3d 475. Whether a unilateral error is excusable is determined according to the particular circumstances surrounding each case. *Id.*

---

[7] The record indicates Ms. Foster continued the joint custody agreement with Mr. Morgan while knowing he was not the biological father of G.F. for almost a year until she decided to file her Motion to Vacate.

Ms. Foster's testimony that she would not have entered into the Consent Judgment if she did not believe Mr. Morgan was the biological father of G.F. is evidence that she was mistaken as to the cause of the obligation. There is no evidence that Mr. Morgan knew or should have known that Ms. Foster would not have entered into the Consent Judgment if it were known that Mr. Morgan was not G.F.'s biological father. There is also no evidence as to what elementary precautions, such as DNA paternity testing prior to entering into the Consent Judgment, that Ms. Foster should have taken that would have avoided her entering into this custody agreement with a non-parent. In the absence of such evidence, the district court erred in granting Ms. Foster's Motion to Rescind the Consent Judgment as it relates to the joint custody arrangement. Furthermore, in the absence of such evidence, this Court cannot render judgment on the Motion to Rescind the Consent Judgment as it relates to the joint custody arrangement.

*Motion to Modify or Terminate the Joint Custody Agreement*

The overarching inquiry in an action to change custody is the best interest of the child. *Tracie F. v. Francisco D.*, 15-1812 (La. 3/15/16), 188 So.3d 231. This applies not only in actions setting custody initially, but also in actions to change custody. *Guidry v. Guidry*, 18-639 (La. App. 5 Cir. 5/22/19), 274 So.3d 709, 715. A biological parent with joint custody, who seeks modification of a stipulated custody award to obtain greater custodial rights, must prove: 1) there has been a material change in circumstances after the original custody award; and 2) the proposed modification is in the best interests of the child. *Tracie F.*, *supra*. Failing to make a best interest finding when modifying a custody agreement is a legal error which nullifies a trial court's judgment and necessitates review *de novo* by the appellate court. *Harper v. Harper*, 00-1425 (La. App. 5 Cir. 1/30/01), 777 So.2d 1275, 1278, *writ denied*, 01-0768 (La. 5/11/01), 792 So.2d 736; *Becnel v.*

*Becnel*, 98-593 (La. App. 5 Cir. 3/25/99), 732 So.2d 589, 593, *writ denied*, 99-1165 (La. 6/4/99), 744 So.2d 630.

Ms. Foster's requested relief in this case, sole custody of G.F., is similar to that of any parent in a joint custody arrangement seeking sole custody of a child. Ms. Foster's characterization of her motion as an action for nullity, rather than a motion to modify or terminate a custody agreement, may not circumvent this State's well-established and long standing requirements regarding best interest of the child determinations.

A review of the very brief hearing that was held before the district court on Ms. Foster's Motion to Vacate reveals that neither of the parties submitted evidence addressing the best interest of G.F. under these circumstances, despite the fact that at the time of the hearing G.F. was four years old, had always known Mr. Morgan to be her father, and had been co-parented by Mr. Morgan and Ms. Foster since the time of her birth. Without such evidence, it was not possible for the district court to make a determination regarding G.F.'s best interest under these unique factual circumstances. Accordingly, we find that the district court legally erred in granting Ms. Foster's Motion to Vacate as it relates to the joint custody arrangement without making a best interest of the child determination, and we therefore vacate that part of the judgment of the district court.

**CONCLUSION**

For the aforementioned reasons, we affirm that part of the trial court's judgment which declares as null and void the provision of the 2018 Consent Judgment which purports to establish Mr. Morgan as the father of G.F. Additionally, we find that Ms. Foster has failed to present sufficient evidence to establish bilateral or unilateral mistake for the purposes of rescinding the Consent Judgment as it relates to the joint custody arrangement. Finally, we find that the district court legally erred in granting Ms. Foster's Motion to Vacate a joint

custody agreement without first conducting a hearing on G.F.'s best interest, and therefore vacate that part of the trial court's judgment relating to the custody of G.F. Accordingly, we remand for further proceedings consistent with this opinion.

## **JUDGMENT AFFIRMED IN PART, VACATED IN PART**

| | |
|---|---|
| SUSAN M. CHEHARDY | CURTIS B. PURSELL |
| CHIEF JUDGE | CLERK OF COURT |
| | |
| FREDERICKA H. WICKER | NANCY F. VEGA |
| JUDE G. GRAVOIS | CHIEF DEPUTY CLERK |
| MARC E. JOHNSON | |
| ROBERT A. CHAISSON | |
| STEPHEN J. WINDHORST | SUSAN BUCHHOLZ |
| HANS J. LILJEBERG | FIRST DEPUTY CLERK |
| JOHN J. MOLAISON, JR. | |
| | |
| JUDGES | MELISSA C. LEDET |
| | DIRECTOR OF CENTRAL STAFF |



**FIFTH CIRCUIT**

**101 DERBIGNY STREET (70053)**

**POST OFFICE BOX 489**

**GRETNA, LOUISIANA 70054**

www.fifthcircuit.org

(504) 376-1400

(504) 376-1498 FAX

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **APRIL 7, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
**CLERK OF COURT**

**20-CA-363**

<u>**E-NOTIFIED**</u>
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
ERIC E. MALVEAU (APPELLANT)

<u>**MAILED**</u>
SHANAY FOSTER  (APPELLEE)
2122 PACE BOULEVARD
NEW ORLEANS, LA 70114